FILED

1

2
Arogant Hollywood
Alison Helen Fairchild

3
1308 East Colorado Blvd.
Pasadena, CA 91106

4
(213) 447-8922
(626) 714-9527
causeofaction38@gmail.com
alisonhfairchild@gmail.com

5

6
Plaintiffs in Pro-Se Federal Litigation

7
2017 JUL -7 PM 1:47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

Related DOT

8

9
**UNITED STATES DISTRICT COURT**

10
**DISTRICT OF THE STATE OF CALIFORNIA**
**CENTRAL DISTRICT, WESTERN DIVISION**

11

12

13
AROGANT HOLLYWOOD,
ALISON HELEN FAIRCHILD,

Case No. **CV17-05005 JGB(GJS)**

14
Plaintiff(s),

**CIVIL RIGHTS COMPLAINT**

15
vs.

16

17
STARBUCKS CORPORATION, a Washington

18
State Corporation,
ANNE SLOANE,

19
TAYLOR OBERLANDER,
DOES 1-10,

20

21
Defendant(s),

22

23

24

25

26

27

28
**Verified Complaint for Damages for False Imprisonment, Negligence, Negligent Supervision and/or Retention, Gross Negligence, Civil Conspiracy, IIED, Negligent Intentional Infliction of Emotional Distress, Violations of 42 U.S.C.S. §§§§ 1981, 1983, 1985, & 12101**
**Page -1 of 85**

**VERIFIED COMPLAINT FOR DAMAGES FOR: GROSS NEGLIGENCE; NEGLIGENCE SUPERVISION AND/OR RETENTION; CIVIL CONSPIRACY; FALSE IMPRISONMENT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OF AROGANT HOLLYWOOD; NEGLIGENT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OF ALISON HELEN FAIRCHILD; VIOLATIONS OF U.S.C.S. §§§§§ 1981, 1983, 1985, 12101 & 12181.** Unruh Civil Rights Act & Violation of Title III of the American Disabilities Act of 1990.

This lawsuit is brought due to Defendants Anne Sloane, Taylor Oberlander, & Starbucks Corporation falsely imprisoning Arogant Hollywood for a period of 4 consecutive hours and racially discriminating against Plaintiff Hollywood and his fiancée Alison Helen Fairchild.

All of Defendants actions were done deliberately and intentionally, with complete disregard of the welfare and civil rights of both Plaintiffs, and therefore, plaintiffs are entitled to punitive damages against all Defendants.

Plaintiff Alison Fairchild also alleges that Defendants' discriminated against her by getting angry that Plaintiff Hollywood moved a chair from a table so she could comfortably sit at the time table while being seating inside of her manual wheelchair.

## COMPLAINT OF AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD INDIVIDUALLY

Plaintiffs **AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD** individually bring this action against Defendants Anne Sloane, Taylor Oberlander, & Starbucks Corporation. Plaintiffs hereby allege as set forth below:

---

## PARTIES TO THE ACTION

1.      Plaintiff **AROGANT HOLLYWOOD** is and was a resident of Pasadena, California at all relevant times. Plaintiff Hollywood was homeless in the city of Pasadena, California. At all relevant times stated throughout this lawsuit Arogant Hollywood was a transient sleeping at night in the city of Pasadena, California. At all times relevant hereto, and stated throughout this lawsuit, Arogant Hollywood was an African-American male individual over the age of 18 years-old and a resident of the state of California.

2.      Plaintiff **ALISON HELEN FAIRCHILD** is and was a resident of Pasadena, California at all relevant times. Plaintiff Fairchild was homeless in the city of Pasadena, California. At all relevant times stated throughout this lawsuit Alison Helen Fairchild was a transient sleeping at night in the city of Pasadena, California. At all times relevant hereto, and stated throughout this lawsuit, Alison Helen Fairchild was a disabled female individual over the age of 18 years-old and a resident of the state of California.

Plaintiff **ALISON HELEN FAIRCHILD** is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§ 51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff **ALISON HELEN FAIRCHILD** is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff Alison Fairchild has severe brain damage, chronic arthritis all over her entire body, spinal meningitis, multiple sclerosis and constant joint inflammation, pain and swelling. In addition, Plaintiff Fairchild suffers from and was diagnosed with multiple sclerosis, which attacks her brain, and during intense emotional distress, leads to migraines caused by addition

legions formed on her brain. Plaintiff **ALISON HELEN FAIRCHILD** requires the use of a wheelchair to travel about in public. Consequently, plaintiff **ALISON HELEN FAIRCHILD** is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code § 19955, et seq. (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§ 51 and 51.5 the Disabled Persons Act, Civil Code § 54, and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

3.       Defendant **STARBUCKS CORPORATION**, together with its subsidiaries, operates as a roaster, marketer, and retailer of specialty coffee worldwide. The company operates in four segments: Americas; China/Asia Pacific; Europe, Middle East, and Africa; and Channel Development. Its stores offer coffee and tea beverages, packaged roasted whole bean and ground coffees, single-serve and ready-to-drink coffee and tea products, juices, and bottled water; an assortment of fresh food and snack offerings; and various food products, such as pastries, breakfast sandwiches, and lunch items, as well as beverage-making equipment and accessories. The company also licenses its trademarks through licensed stores, and grocery and national foodservice accounts. It offers its products under the Starbucks, Teavana, Tazo, Seattle's Best Coffee, Evolution Fresh, La Boulange, Ethos, Frappuccino, Starbucks Doubleshot, Starbucks Refreshers, and Starbucks VIA brand names. As of November 3, 2016, the company operated 25,085 stores. Starbucks Corporation was founded in 1971 and is based in Seattle, Washington. Starbucks Corporation's jurisdiction lies within the state of Washington.

4.       Defendant **ANNE SLOANE** is a forty something years-old Caucasian woman who is most likely properly before this court, and a United States citizen. At the time of the allegations made in this civil rights complaint Defendant Sloane was a full-time employee of Starbucks Corporation.

5.       Defendant **TAYLOR OBERLANDER** is a thirty-something year-old Caucasian woman who is most likely properly before this court, and a United States citizen. At the time of the

allegations made in this civil complaint Taylor Oberlander was a full-time employee of Starbucks Corporation.

6.     Plaintiff is unaware of the true names of Defendants listed as DOES 1 through 10, inclusive, and therefore sued them by the foregoing names which are fictitious. Plaintiffs will amend this Complaint by inserting the true names in lieu of said fictitious names, together with apt and proper charging words, when said true names are ascertained. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a DOE is responsible and liable to Plaintiffs in some manner for the events, happenings, and contention referred to in this Complaint. All references herein to "Defendant: or "Defendants" shall be deemed to include all DOE Defendants.

7.     Plaintiff Arogant Hollywood is informed and believe and thereon allege that each Defendant, including DOES 1 through 10, inclusive, was and is the agent, employee, servant, subsidiary, partner, member, associate, or representative or each other Defendant, and that all of things alleged to have been done in the course and scope of said agency, employment, service, subsidiary, partnership, membership, association, or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates, or representatives. Each Defendant has authorized, ratified, acknowledged, consented, acquiesced, and/or approved of all acts, conduct, and/or omissions, by each and every other Defendant. Plaintiffs are informed and believes and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that plaintiffs' damages as alleged in this complaint were proximately caused by those defendants.

## JURISDICTION AND VENUE

8.     This action arises from a violation, inter alia, of 42 U.S.C.S. §§§§ 1981, 1983, 1985 and 1986. This action arises from a violation of Title III of the American Disabilities Act of 1990, and

U.S.C.S. § 12101.  Plaintiffs also seek redress of violations of state law rights and/or federal law rights via the supplemental jurisdiction of this Court, including the Unruh Civil Rights Act.

9.     This Court has original jurisdiction pursuant to 28 U.S.C.S. §§ 1331 and 1343 and supplemental jurisdiction under 28 U.S.C.S. § 1367(a).

10.    Venue is proper pursuant to 28 U.S.C.S. § 1391 because at least one of the defendants resides within this District and because all the acts for which Plaintiffs complains occurred in the city of Pomona, within the State of California.

11.    Personal jurisdiction is proper over each of the defendants because they are either domiciled in the State of California and/or have regularly transacted business in the State.

**GENERAL ALLEGATIONS OF COMPLAINT FOR PLAINTIFF AROGANT HOLLYWOOD**

13.    On June 23, 2015 at approximately 12:45 p.m. Arogant Hollywood and his fiancée Alison Helen Fairchild were walking west on Foothill Blvd. towards Starbucks Co. Store Sierra Madre Villa & Foothill. Upon arriving, Plaintiff Hollywood noticed that there were several chairs blocking Ms. Fairchild's wheelchair path, a clear ADA violation. Plaintiff Hollywood then stated. "Hey man, you are blocking the path, her wheelchair cannot get by. The people who had chairs blocking the walkway on the patio of Starbucks Co. Store Sierra Madre Villa & Foothill, hereon Sierra Madre Villa store, stood up immediately and moved out of both plaintiffs' way. After going inside to the Sierra Madre Villa store. Plaintiff Hollywood noticed that someone was occupying the Sierra Madre Villa store's only handicap table. Plaintiff Hollywood and Ms. Fairchild nicely asked this person to vacate the table. After they vacated the table Plaintiff Hollywood immediately began moving chairs from the table to make more space for his fiancée Alison Helen Fairchild. Just as he was moving

tables. A Sierra Madre Villa store employee comes over and states rudely: "You cannot move chairs". Plaintiff Hollywood explained to the unidentified employee that he could move any tables he wants because his fiancée was handicapped. The argument escalated and ended with Plaintiff Hollywood telling this employee: Leave us alone. See the glasses recording. You going to end up getting a cause of action."

14.     About five minutes later Arogant Hollywood overheard the employee who had been hassling him and his fiancée speak to Anne Sloane near the Sierra Madre Villa cash register. Anne Sloane stated something of the effects:" Don't worry, "I am going to have that ignorant troublemaking nigger removed now."

15.     About five minutes later the Pasadena police department arrived. Two Pasadena police officers arrived and told Plaintiff Hollywood that management had called them. The officers stated that Sierra Madre Villa store employees did not say that him and his fiancée would have to leave but could not be causing a disturbance in the restaurant. Plaintiff Hollywood explained to both officers that he and his fiancée Alison Helen Fairchild had done nothing wrong but move chairs from a handicap table. The officers then left.

16.     About five minutes or so after the Pasadena Police Department departed the restaurant. A lady moved chairs from a table nearby the Plaintiffs. However, the Starbucks management and staff did not interject until after Plaintiff Hollywood painted out that she was removing chairs from a table and placing them elsewhere did a Starbucks staff member speak up. However, this same Starbucks staff member witnessed the lady remove chairs and did not intervene until Plaintiff Hollywood said something to this employee.

17.     Apparently this upset Sierra Madre Villa store assistant manager Taylor Oberlander and prompted her to contact her manager Anne Sloane. Anne Sloane contacted the Pasadena police

department and requested that they return to the store. Upon arriving back at the store, the officers told Plaintiff Hollywood that he would have to leave the store. When Plaintiff Hollywood asked why and stated that he would like to receive something in writing, Ms. Sloane provided a paper that said that he was banned from all Starbucks for creating a disturbance. Apparently, an incident that occurred at a Starbucks in South Pasadena was enough to have Plaintiff Hollywood removed from this Starbucks as well. Plaintiff Hollywood stated that him and his fiancée had done nothing wrong and had only been asked to leave because they removed chairs from a handicap table Alison Helen Fairchild was entitled to.

18.     Shortly after Plaintiff Hollywood refused to leave the store Anne Sloane and her employee Taylor Oberlander signed a private citizen arrest form to have Plaintiff Hollywood arrested and escorted off their Sierra Madre Villa store property. Anne Sloane was not present during the entire conflict and alleged incidents. Ms. Sloane magically appeared after Starbucks Co. employee Taylor Oberlander told her that Plaintiff Hollywood was complaining about how Taylor Oberlander failed to ask another Sierra Madre Villa store patron/customer not to remove any chairs from any tables. Pasadena Police Department advised Defendant Anne Sloane and Taylor Oberlander that the only way they could make Plaintiff Hollywood to leave is if they both signed a private person's arrest form. Pasadena Police Department peace officers consulted and advised Defendants Anne Sloane and Taylor Oberlander that Plaintiff Hollywood was trespassing and that they could place Plaintiff Hollywood under private person's arrest for refusing to leave 3429 East Foothill Blvd. Starbucks. Anne Sloane also contacted her female Starbucks district manager Jennifer.

19.     Alison Helen Fairchild was very stressed out during the entire altercation. Plaintiff Fairchild experienced sharp pains in her chest, and shortness of breath after her beloved fiancé and caretaker Arogant Hollywood was handcuffed and placed inside of a Pasadena Police Department car.

20.     The city of Pasadena Police Department peace officers mistreated Arogant Hollywood by

making fun of his name, the situation, slamming him in a law enforcement vehicle and throwing his

personal computer into the truck of their patrol car brutally.

21.     Arogant Hollywood was kept in a cold cell for at least four hours. The cell Plaintiff
Hollywood was detained in did not have a mattress and was very cold. Therefore, for four hours
Plaintiff Hollywood was kept in a cell and had to lay down on a concrete bed, which triggered his
ongoing sciatica illness. Plaintiff Hollywood's arm was twisted backwards and he experienced very
sharp pain in his wrists, and his wrists were sore for several days following his arrest. Plaintiff
Hollywood was not given any food despite being in custody for at least four hours. By the time
Plaintiff Hollywood was released from police custody, his sciatica had worsened and he had
difficulty walking. Even after his release, Plaintiff Hollywood experienced sharp sciatica pain for
several days after his jail release. In addition, the entire incident was embarrassing, frustrating and
has caused Plaintiff Hollywood substantial emotional distress, pain and suffering and other
damages.

## FIRST CLAIM FOR RELIEF---FALSE IMPRISONMENT—CITIZEN'S ARREST ALLEGED BY AROGANT HOLLYWOOD AS AGAINST DEFENDANTS STARBUCKS CORPORATION, ANNE SLOANE, TAYLOR OBERLANDER & DOES 1-10.

22.     Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-21.

23.     At all relevant times stated in this lawsuit Arogant Hollywood was a paying customer
visiting a Starbucks Corporation store located at: 3429 East Foothill Blvd., Pasadena, California.

24.     At all relevant times throughout this civil complaint for damages Defendants Anne Sloane
and Taylor Oberlander were employed fulltime by Defendant Starbucks Corporation.

25.    At all relevant times stated throughout this civil complaint for damages Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation were fully involved with the interest of having Plaintiff Arogant Hollywood falsely arrested and falsely imprisoned.

26.    At all relevant times stated throughout this civil complaint for damages Defendant Starbucks Corporation was the sole owners of STARBUCKS CORPORATION., and at all relevant times stated throughout this lawsuit Defendant Starbucks Corporation was responsible for the management, guidance and leadership of Starbucks Corporation employees Anne Sloane and Taylor Oberlander.

27.    This claim for relief is brought against Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation, due to their intentional and willful acts of falsely imprisoning Arogant Hollywood for the period of 4 consecutive hours.

28.    On June 23, 2015, at approximately 1 p.m., at 3429 East Foothill Blvd., in the city of Pasadena, Los Angeles County, California, Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation seized and arrested plaintiff Arogant Hollywood and detained Plaintiff and restrained him against his will and over his protest, without any warrant of arrest or any process of any kind and without justification or cause to believe that Plaintiff Arogant Hollywood had committed any crime.

29.    After Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation had arrested Plaintiff Arogant Hollywood as herein alleged, Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation called the law enforcement agency Pasadena Police Department, and caused Plaintiff Arogant Hollywood to be taken into custody and compelled to enter the police car operated by a law enforcement officer of the Pasadena Police Department for such city and to be taken to jail and imprisoned against his will for a period of 4 consecutive hours.

Verified Complaint for Damages for False Imprisonment, Negligence, Negligent Supervision and/or Retention, Gross Negligence, Civil Conspiracy, IIED, Negligent Intentional Infliction of Emotional Distress, Violations of 42 U.S.C.S. §§§§ 1981, 1983, 1985, & 12101
Page -10 of 85

30.     On or around August 4, 2015, Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation personally swore to and caused to be filed in the Superior Court of Los Angeles, within the County of Los Angeles, State of California, a criminal complaint against Plaintiff Arogant Hollywood, charging Plaintiff with violation of California Penal Code Section 602. The complaint, as sworn to and filed by the Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation was wholly false. In fact, Plaintiff Arogant Hollywood had committed no misdemeanor, and no crime had been committed at all.

31.     On June 23, 2015 Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation falsely arrested and falsely imprisoned Arogant Hollywood by alleging false information and statements to peace officers.  None of the false statements ever occurred, and no misdemeanor crime was ever committed in the presence of Starbucks Corporation employees Anne Sloane and Taylor Oberlander as required for a private citizen's arrest pursuant to Cal Pen Code § 837.

32.     Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation, in causing the false arrest and false imprisonment of Plaintiff Arogant Hollywood as herein alleged, acted with deliberate malice and oppression and without probable cause.

33.     Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation intentionally deprived Plaintiff Arogant Hollywood of his freedom of movement by use of, and threats of force.

34.     Plaintiff Arogant Hollywood did not consent to the imprisonment.

35.     Plaintiff Arogant Hollywood is informed and believe and based on thereon allege that Defendant unlawfully had plaintiff handcuffed.

36.     Plaintiff Arogant Hollywood had done nothing wrong, and this could easily be proven by a reasonable person viewing video footage Plaintiff Hollywood had taken at 3429 East Foothill Blvd,

1   Pasadena, California.

2

3   37.    Plaintiff Arogant Hollywood was harmed by Defendants Anne Sloane, Taylor Oberlander

4   and Starbucks Corporation's actions.

5

6   38.    Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation were the only cause

7   of Plaintiff Arogant Hollywood's imprisonment.

8

9   39.    As a direct, foreseeable, and proximate result of said wrongful acts by Defendants Anne

10  Sloane, Taylor Oberlander and Starbucks Corporation, Plaintiff Arogant Hollywood suffered and

11  will continue to suffer humiliation, shame, despair, embarrassment, depression, physical pain and

12  suffering, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at the

13  time of trial.

14

15  40.    The conduct of Defendants Anne Sloane and Taylor Oberlander as described herein was

16  oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's constitutional rights.

17  Plaintiff is thereby entitled to an award of punitive damages against Defendants Anne Sloane and

18  Taylor Oberlander in an amount appropriate to punish and make an example of Defendants, and in

19  an amount to conform to proof.

20

21  41.    The conduct of Defendant Starbucks Corporation and their agents and employees as

22  described herein was oppressive, fraudulent and malicious, done in conscious disregard of

23  Plaintiff's constitutional rights, and one by managerial employees of Defendant Starbucks

24  Corporation. Plaintiff is thereby entitled to an award of punitive damages against Defendant

25  Starbucks Corporation, in an amount appropriate to punish and make an example of Defendants, and

26  in an amount to conform to proof.

27

28  **Verified Complaint for Damages for False Imprisonment, Negligence, Negligent Supervision and/or Retention, Gross Negligence, Civil Conspiracy, IIED, Negligent Intentional Infliction of Emotional Distress, Violations of 42 U.S.C.S. §§§§ 1981, 1983, 1985, & 12101**

42.    As a proximate result of the conduct as alleged herein, Plaintiff Arogant Hollywood has suffered and continues to suffer extreme mental distress, humiliation and anguish, and other emotional and mental injuries, as well as economic losses, all to Plaintiff Arogant Hollywood's damage in amounts to be proven at trial.

43.    Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation committed the acts alleged herein maliciously, oppressively, with the wrongful intention of injuring Plaintiff Arogant Hollywood from an improper and evil motive, amounting to malice, and in conscious disregard of Plaintiff Hollywood's constitutional rights. Plaintiff Arogant Hollywood thus is entitled to recover punitive damages from Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation in amounts to be proven at the time of trial.

44.    Injury resulting from false imprisonment by an employee or manager at the workplace and involving the performance of the employer's business is an injury arising out of and during employment.

45.    Starbucks Corporation employees and managers, and at least some of the JOHN DOE and JANE DOE Defendants are liable to Plaintiff Arogant Hollywood for false imprisonment.

46.    At the time of the incidents described above, Anne Sloane and Taylor Oberlander of Defendant Starbucks Corporation, acting within the scope of their employment.

47.    Under the doctrine of respondeat superior, Defendant Starbucks Corporation is liable to Plaintiff Arogant Hollywood for actual and punitive damages given Anne Sloane Taylor Oberlander and Starbucks Corporation and others' false imprisonment of Plaintiff Hollywood as aforesaid.

48.     As a direct and proximate result of Defendants unlawful retention of Plaintiff, Arogant Hollywood is entitled to recover damages.

49.     **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Anne Sloane, Taylor Oberlander, Starbucks Corporation and DOES 1-10, on the first claim for relief of t Plaintiffs' complaint in the amount that will justly compensate Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

## SECOND CLAIM FOR RELIEF---NEGLIGENCE-- ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS ALLEGED AGAINST DEFENDANTS ANNE SLOANE, TAYLOR OBERLANDER. & DOES 1-10.

50.     Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

51.     In choosing to operate a California business as a California restaurant working with the general public, Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation undertook the duty to exercise reasonable care to operate and maintain the safety of the public who encountered and interacted with its employees.

52.     A cause of action for negligence requires Plaintiffs Arogant Hollywood and Alison Helen Fairchild establish (1) the Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation owed a duty of care to Plaintiff Arogant Hollywood; (2) at least one or more of Defendants breached that duty by a negligent act or omission; and (3) the Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation's breach was the actual and proximate cause of Plaintiff Arogant Hollywood's injury(ies); and (4) Plaintiff Arogant Hollywood suffered an injury or damages resulting from Defendants Anne Sloane, Taylor Oberlander and Starbuck Corporation's breach.

53.     Negligence is governed by California Civil Code § 1714. The presumption of negligence based on violation of statute is governed by California Evidence Code § 669. Comparative negligence is governed by *Li v. Yellow Cab Co. (1975) 13 Cal. 3d 804, 119 Cal. Rptr. 858, 532 P.2d 1226*. Assumption of the risk is governed by *Knight v. Jewett (1992) 3 Cal. 4th 296, 11 Cal. Rptr. 858, 532 P.2d 1226*. Assumption of the risk is governed by *Knight v. Jewett (1992) 3 Cal. 4th 296, 11 Cal. Rptr. 2d 2, 834 P.2d 696*.

54.     Negligence is doing of some act which reasonably prudent person would not do or failure to do something which reasonably prudent person would do actuated by those considerations which ordinary regulate conduct of human affairs; it is failure to use ordinary care in management of one's property or person. See *Cucuk v. Payne (1956, Cal App 4th Dist) 140 Cal App 2d 881, 296 P2d 7, 1956 Cal App LEXIS 2338*.

55.     Defendants executed negligence by their deliberate, willful and intentional actions that resulted in Plaintiff Arogant Hollywood being arrested and charged with one count of criminal trespass.

56.     Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation executed negligence by their deliberate, willful and intentional actions that resulted in Plaintiff Arogant Hollywood being falsely imprisoned for the period of 4 consecutive hours.

57.     Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation executed negligence by their deliberate, willful and intentional actions that resulted in them contacting law enforcement because Plaintiff Hollywood made space at a handicap table for Plaintiff Alison Helen Fairchild.

58.     Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation executed negligence by their deliberate, willful and intentional actions of failing to have more than one handicap table

available for disabled persons visiting their Starbucks store location.

59.     Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation executed negligence by discriminating against Plaintiff Arogant Hollywood and Alison Helen Fairchild

60.     Defendants Anne Sloane and Taylor Oberlander executed negligence by violating California Penal Code § 148.5 by making a false report of a crime to the Pasadena Police department.

61.     Defendant Starbucks Corporation executed negligence by its employees Anne Sloane and Taylor Oberlander violating California Penal Code § 148.5 by making a false report of a crime to the Pasadena Police department.

62.     Because of the actions of Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation an occurrence of an injury occurred to Plaintiff Arogant Hollywood between June 23, 2015 and June 27, 2015, and had continued until this present day.

63.     At all times, as alleged herein and throughout this lawsuit, the individual Defendants Anne Sloane and Taylor Oberlander, JANE DOES and JOHN DOES, were acting both individually and within the course and scope of their employment with Defendant Starbucks Corporation.

64.     Under the doctrine of respondeat superior, Defendant Starbucks Corporation is liable in actual and punitive damages to Plaintiff Arogant Hollywood for its employees', agents' and representatives' negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid.

65.     Plaintiff Arogant Hollywood avers that Defendant Starbucks Corporation was negligent, reckless, grossly negligent, willful, and wanton, and malicious, and breach their duty with respect to

1 Plaintiff Arogant Hollywood by:

2      a. Failing to exercise due care under the circumstances;

3      b. Failing to sufficiently monitor Plaintiff Arogant Hollywood's interaction with

4         its employees Anne Sloane and Taylor Oberlander;

5      c. Failing to properly train Starbucks Corporation staff to ensure that U.S. citizens

6         like Arogant Hollywood were not falsely imprisoned by its employees;

7      d. By its employees, Taylor Oberlander and Anne Sloane falsely imprisoning

8         Arogant Hollywood for a period of 4 consecutive hours;

9      e. By Starbucks Corporation ratifying, participating and condoning its employees

10         Taylor Oberlander and Anne Sloane to falsely imprison Plaintiff Hollywood

11      f. By Starbucks Corporation ratifying, participating and condoning its employees

12         Anne Sloane and Taylor Oberlander to falsely accuse and falsely imprison

13         Arogant Hollywood for 4 consecutive hours;

14      g. By Starbucks managers Taylor Oberlander and Anne Sloane intentionally failing

15         to have more than one handicap table available for Plaintiff Alison Fairchild;

16      h. By Starbucks managers Taylor Oberlander and Anne Sloane discriminating against

17         Plaintiff Hollywood and Plaintiff Fairchild;

18      i. Mishandling its interactions with Plaintiff Arogant Hollywood with respect to

19         the events alleged herein; and

20      j. Any other particulars which may be shown at trial;

21

22 66.    As a direct and proximate result of the negligence, recklessness, gross negligence,

23 willfulness, and wantonness as aforesaid, Plaintiffs Arogant Hollywood sustained injuries and

24 damages including, without limitation, fatigue, embarrassment, humiliation, loss of his

25 liberty/freedom, pain and suffering, inconvenience, frustration, mental anguish, and emotional

26 distress.

27

67.    As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid, Plaintiff Alison Helen Fairchild sustained injuries and damages including, without limitation, fatigue, embarrassment, humiliation, pain and suffering, inconvenience, frustration, mental anguish, and emotional distress.

68.    Defendants Anne Sloane and Taylor Oberlander are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given its negligence, recklessness, gross negligence, willfulness, and wantonness.

69.    Defendant Starbucks Corporation is liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given its negligence, recklessness, gross negligence, willfulness, and wantonness.

70.    Under the doctrine of respondeat superior, Defendant Starbucks Corporation is liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given its employees', and possibly others', infliction of damages upon Plaintiff Arogant Hollywood as aforesaid.

71.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Anne Sloane, Taylor Oberlander, Starbucks Corporation, and DOES 1-10, on the second claim for relief of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**THIRD CAUSE OF ACTION---NEGLIGENCE SUPERVISION and/or RETENTION--ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD& ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS STARBUCKS CORPORATION & DOES 1-10.**

72.     Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

73.     In choosing to operate a California business as a California restaurant working with the general public, Defendant Starbucks Corporation undertook the duty to exercise reasonable care to operate and maintain the safety of the public who encountered and interacted with its employees.

74.     At the time Plaintiff Arogant Hollywood was falsely arrested, each individual Defendant was

acting both individually and within the course and scope of his or her employment with Starbucks Corporation.

75.     At the time Plaintiff Arogant Hollywood was falsely imprisoned for 4 consecutive hours, each individual Defendant was acting both individually and within the course and scope of his or her employment with Starbucks Corporation.

76.     In choosing to operate a restaurant business in California, Defendant Starbucks Corporation undertook the duty to exercise reasonable care in hiring, retaining and supervising its employees, agents or representatives of Starbucks Corporation.

77.     Where an employer ratifies his or her employee's negligent or intentional tort, the employer is subject to direct liability. By ratifying the employee's tortious conduct, the employer makes the conduct his or her own. See *Jameson v. Gavett (1937) 22 Cal. App. 2d 646, 651-652, 71 P.2d 937*

78.     The doctrine of respondeat superior provides that an employer or principal is vicariously liable for the wrongful conduct of his or her employees or agents committed within the scope of the employment or agency. See *Perez v. Van Groningen & Sons, Inc. (1986) 41 Cal. 3d 962, 967, 227 Cal. Rptr 106, 719 P.2d 676.*

79.     Defendant Starbucks Corporation had the authority to supervise, prohibit, control, and/or regulate Defendants Anne Sloane and Taylor Oberlander to prevent these acts and omissions alleged throughout this lawsuit from ever occurring.

80.     Plaintiff Arogant Hollywood avers Defendant Starbucks Corporation acted negligently, recklessly, grossly negligent, maliciously, willfully, and wantonly, and breached this duty with respect to Plaintiffs Arogant Hollywood and Alison Helen Fairchild by:

      a. Failing to exercise due care under the circumstances;

      b. Failing to sufficiently monitor Plaintiff Arogant Hollywood's interaction with its employees Anne Sloane and Taylor Oberlander;

      c. Failing to properly train Starbucks Corporation staff to ensure that U.S. citizens like Arogant Hollywood were not falsely imprisoned by its employees;

      d. By its employees, Taylor Oberlander and Anne Sloane falsely imprisoning Arogant Hollywood for a period of 4 consecutive hours;

      e. By Starbucks Corporation ratifying, participating and condoning its employees Taylor Oberlander and Anne Sloane to falsely imprison Plaintiff Hollywood

      f. By Starbucks Corporation ratifying, participating and condoning its employees Anne Sloane and Taylor Oberlander to falsely accuse and falsely imprison Arogant Hollywood for 4 consecutive hours;

      g. By Starbucks managers Taylor Oberlander and Anne Sloane intentionally failing to have more than one handicap table available for Plaintiff Alison Fairchild;

h.  By Starbucks managers Taylor Oberlander and Anne Sloane discriminating against Plaintiff Hollywood and Plaintiff Fairchild;

i.  Mishandling its interactions with Plaintiff Arogant Hollywood with respect to the events alleged herein; and

j.  Any other particulars which may be shown at trial;

81.     Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that Defendant Starbucks Corporation knew or reasonably should have known that unless they intervened to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild and properly supervise, prohibit, control and/or regulate the conduct of the other Defendants, those Defendants would perceive their acts and omissions as being ratified and condoned.

82.     Plaintiff Arogant Hollywood avers that Defendant Starbucks Corporation failed to exercise due care by failing to supervise, prohibit, control, or regulate the remaining Defendants and/or by failing to protect Plaintiff Arogant Hollywood. As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid, Plaintiffs Arogant Hollywood and Alison Helen Fairchild suffered and continued to suffer injuries and damages including, without limitations, embarrassment, humiliation, loss of his liberty, pain and suffering, inconvenience, frustration, mental anguish and emotional distress all in the amount to be determined at trial.

83.     Defendant Starbucks Corporation failed to exercise due care by failing to supervise, prohibit control, or regulate the remaining Defendants and/or by failing to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

84.     Defendant Starbucks Corporation is liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence,

1   willfulness, and wantonness.

2

3   85.    Under the doctrine of respondeat superior, Defendant Starbucks Corporation is liable to

4   Plaintiff Arogant Hollywood for actual and punitive damages given their employees', and possibly

5   others', infliction of damages upon Plaintiff as aforesaid.

6

7   86.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands

8   judgment against Defendant Starbucks Corporation and DOES 1-10, on the third claim for relief of

9   the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages,

10  together with costs and attorneys' fees in this action.

11

12  **FOURTH CLAIM FOR RELIEF---GROSS NEGLIGENCE-- ALLEGED BY PLAINTIFFS**

13  **AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST**

14  **DEFENDANTS STARBUCKS CORPORATION. & DOES 1-10.**

15

16  87.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby incorporates all other

17  paragraphs of this civil rights complaint for damages as if fully set forth herein.

18

19  88.    The theory that there are degrees of negligence has been generally criticized by legal writers,

20  but a distinction has been made in this state between ordinary and gross negligence. Gross

21  negligence has been said to mean the want of even scant care or an extreme departure from the

22  ordinary standard of conduct. See *Van Meter v. Bent Constr. Co. (1956) 46 Cal.2d 588, 6=594 [297*

23  *P.2d 644]; Donnelly v. Southern Pac. Co, 18 Cal.2d 863, 871 [118 P.2d 4651].*

24

25  89.    Defendant Starbucks Corporation was grossly negligent by its employees Anne Sloane and

26  Taylor Oberlander falsely imprisoning Plaintiff Arogant Hollywood for a period of 4 consecutive

27  hours.

28  Verified Complaint for Damages for False Imprisnment, Negligence, Negligent Supervision and/or Retention, Gross
Negligence, Civil Conspiracy, IIED, Negligent Intentional Infliction of Emotional Distress, Violations of 42 U.S.C.S.
§§§§ 1981, 1983, 1985, &  12101

90.     Defendant Starbucks Corporation was grossly negligent by its employees Anne Sloane and Taylor Oberlander creating a false police report, and in doing so without any probable cause to legally arrest Plaintiff Arogant Hollywood, or have a belief that Plaintiff Hollywood had committed any crime whatsoever.

91.     Defendant Starbucks Corporation was grossly negligent by its employees Anne Sloane and Taylor Oberlander violating California Penal Code § 148.5 by creating a false police report.

92.     Defendant Starbucks Corporation was grossly negligent by its employees Anne Sloane and Taylor Oberlander discriminating against Plaintiff Alison Helen Fairchild by not having more than one handicap table available.

93.     Defendant Starbucks Corporation was grossly negligent by its employees Anne Sloane and Taylor Oberlander discriminating against Plaintiffs Arogant Hollywood and Alison Helen Fairchild by contacting law enforcement after an African-American/black Arogant Hollywood moved a chair from a handicapped table Plaintiff Fairchild was seated in her wheelchair at.

94.     Defendant Starbucks Corporation is liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

95.     Under the doctrine of respondeat superior, Defendant Starbucks Corporation is liable to Plaintiff Arogant Hollywood for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiff as aforesaid.

96.     **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands

judgment against Defendant Starbucks Corporation and DOES 1-10, on the fourth claim for relief of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

## FIFTH CLAIM FOR RELIEF---CIVIL CONSPIRACY-- ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS STARBUCKS CORPORATION, ANNE SLOANE, TAYLOR OBERLANDER & DOES 1-10.

97.     Plaintiff Arogant Hollywood hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

98.     The elements of a civil conspiracy in the state of California are (1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting. See *Mosier v. Southern California Physicians Insurance Exchange (1998) 63 Cal.App.4th 1022, 1048 [74 Cal.Rptr.2d 550]*

99.     "The basis of a civil conspiracy is the formation of a group of two or more persons who have agreed to a common plan or design to commit a tortious act. The conspiring defendants must also have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose." *Kidron v. Movie Acquisition Corp. (1995) 40 Cal. App. 4th 1571, 1582 [47 Cal. Rptr. 2d 752]*.

100.    Liability for a conspiracy is present on the Defendants as they conspired to have Plaintiff Arogant Hollywood arrested, and this conspiracy was created after Taylor Oberlander spoke to a 911 dispatcher, but before Defendants Starbucks Corporation, Taylor Oberlander and Anne Sloane ever had spoken to Pasadena Police Department arresting peace officers.

101.    Plaintiff Arogant Hollywood avers that, on information and belief, Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander entered into an agreement and/or understanding and otherwise conspired with other named and yet unnamed Defendants to tortuously interfere with Plaintiff Hollywood's rights under federal law and state law.

102.    Plaintiff Arogant Hollywood avers that, on information and belief Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation conspired together and into an agreement with other unnamed Defendants to maliciously prosecute Arogant Hollywood.

103.    Plaintiff Arogant Hollywood avers that, on information and belief Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander conspired together and into an agreement with

other unnamed Defendants to falsely imprison Arogant Hollywood for as long as possible.

104.    Plaintiff Arogant Hollywood avers that, on information and belief Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander conspired together and into an agreement with other unnamed Defendants to provide with false information.

105.    Plaintiff Arogant Hollywood avers that, on information and belief Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander conspired together and into an agreement with other unnamed Defendants to testify to false statements made to the Pasadena Police Department on June 23, 2015.

106.    Plaintiff Arogant Hollywood avers that upon information and belief, Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander combined and conspired wrongfully to deny Plaintiff his constitutional civil rights guaranteed under the 4th Amendment to be free from illegal arrests. The purpose of civil conspiracy was to injure Plaintiff Hollywood.

107.    As a direct and proximate result of Defendants' tortious acts committed in furtherance of the above-referenced conspiracy, Plaintiff Arogant Hollywood has suffered actual damages and is entitled to the relief sough herein.

108.    Plaintiff Arogant Hollywood avers Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander are liable to Plaintiff Arogant Hollywood for actual and punitive damages given their civil conspiracy.

109.    Under the doctrine of respondeat superior, Defendant Starbucks Corporation is liable to Plaintiff Arogant Hollywood for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiff Arogant Hollywood as aforesaid.

110.    **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander on the fifth claim for relief of Plaintiffs' complaint in the amount that will justly compensate Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

**SIXTH CLAIM FOR RELIEF---INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (OUTRAGE) AS ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS STARBUCKS CORPORATION, ANNE SLOANE, TAYLOR OBERLANDER & DOES 1-10.**

111.    Plaintiff Arogant Hollywood hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

112.    California courts have held that, in order to recover for the intentional infliction of emotional distress, "a plaintiff must establish that (1) the defendant intentionally or recklessly inflicted severe

emotional distress or was certain or substantially certain that such distress would result from his conduct (2) the conduct was so 'extreme and outrageous' as to exceed 'all possible bounds of decency and must be regarded as 'atrocious, and utterly intolerable in a civilized community'; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was 'severe' so that no reasonable person could be expected to endure it.'

113.    According to California Civil Jury Instructions 1602. Intentional Infliction of Emotional Distress ---"Outrageous Conduct" Defined. Plaintiff Arogant Hollywood must prove at a jury trial the following to establish proof of intentional infliction of emotion distress (outrageous): (1) That Defendants Anne Sloane and Taylor Oberlander abused a position of authority or a relationship that gave them real or apparent power to affect Arogant Hollywood's interests. (2) That Defendants Anne Sloane and Taylor Oberlander knew that Plaintiff Arogant Hollywood was particularly vulnerable to emotional distress. (3.) That Defendants Anne Sloane and Taylor Oberlander knew that their conduct would likely result in harm due to mental distress.

114.    "Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." See *Davidson v. City of Westminister (1982) 32 Cal.3d 197, 209 [185 Cal.Rptr. 252, 649 P.2d 894].)*

115.    The filing of false police reports and against minorities is an anathema in California and throughout the United States, and is usually damaging and degrading to the dignity of all Americans, especially those who have falsely had criminal charges brought against them, and especially when the false charges are against a 36-year-old African-American/black man named Arogant Hollywood. Given the sad history of false criminal charges being filed against black men throughout California and the United States, any false criminal charges filed against black men are now by their very nature abhorrent and outrageous, and this is conduct that is intolerable and far beyond what is considered acceptable or decent in our society.

116.    In commission of the acts alleged in this Complaint, Defendants Anne Sloane and Taylor Oberlander have:

    a.    Filed a false police report with the Pasadena Police Department;

    b.    Falsely imprisoned Plaintiff Arogant Hollywood for a period of 4 consecutive hours;

    c.    Maliciously prosecuted Plaintiff Arogant Hollywood by seeking to press charges, cooperating with authorities' investigation and planning to testify at a criminal trial;

    d.    Maliciously prosecuting Plaintiff Arogant Hollywood in a criminal proceeding based on a production of falsified evidence that had no merit or probable cause to believe Plaintiff Hollywood committed any crime whatsoever, resulting in intentional infliction of emotional distress of Plaintiff Arogant Hollywood, as well as his fiancée Alison Helen Fairchild;

117.    Defendants Anne Sloane and Taylor Oberlander by and through their intentional behavior and actions, engaged in the shockingly outrageous conduct alleged herein intentionally and maliciously for causing Plaintiff Arogant Hollywood to suffer, embarrassment, migraines, humiliation, mental anguish, apprehension, and emotional distress.

118.    Defendants' conduct is the type that cannot be tolerated in a civilized society. Defendants Anne Sloane and Taylor Oberlander falsely imprisoned Plaintiff Arogant Hollywood for a period of 4 consecutive hours.

119.    Defendants' conduct is the type that cannot be tolerated in a civilized society. Defendants Anne Sloane and Taylor Oberlander maliciously prosecuted Plaintiff Arogant Hollywood.

120.    Defendants' actions of contacting law enforcement, falsely imprisoning Plaintiff and maliciously prosecuting Plaintiff Arogant Hollywood, resulting in intentional infliction of emotional distress, is the type of conduct that cannot be tolerated in a civilized community, all the above listed

actions in these paragraphs are very disturbing in nature, and the trial court must punish Defendants for their intentionally evil conduct.

121.    Defendants Anne Sloane and Taylor Oberlander's conduct was outrageous and in reckless disregard for Plaintiff Arogant Hollywood's feelings, dignity, and/or fundamental rights as a human being.

122.    Defendants Anne Sloane and Taylor Oberlander's actions, acts and conduct shock the conscience and have no place in our society, and should be met with full force of law, including punitive damages, as a deterrent to Defendants and from engaging in these unlawful, malicious, oppressive and fraudulent activities at any time in the future.

123.    Defendants Anne Sloane and Taylor Oberlander intended for Plaintiff Arogant Hollywood to suffer severe emotional distress, and was reckless to that effect of Defendants' conduct.

124.    Defendant's conduct did in fact cause severe emotional distress. Because of the actions of Defendants Anne Sloane and Taylor Oberlander suffered from physical pain, fatigue, migraines, humiliation, anger, frustration, and embarrassment that came along with being unjustly imprisoned and maliciously prosecuted against for a crime Plaintiff had not committed.

125.    Defendants Anne Sloane and Taylor Oberlander acted deliberately and recklessly in causing these emotional injuries. Defendants Anne Sloane and Taylor Oberlander knew or should have known that arresting Plaintiff without cause, which led to intentional infliction of emotional distress of Plaintiff Arogant Hollywood, would lead to this lawsuit.

126.    Defendants Anne Sloane and Taylor Oberlander acted deliberately and recklessly in causing these emotional injuries. Defendants Anne Sloane and Taylor Oberlander knew or should have

known that falsely imprisoning Plaintiff for 4 consecutive hours, which led to intentional infliction of emotional distress of Plaintiff Arogant Hollywood, would lead to this lawsuit.

127.   Defendants Anne Sloane and Taylor Oberlander acted deliberately and recklessly in causing these emotional injuries. Defendants Anne Sloane and Taylor Oberlander knew or should have known that maliciously prosecuting false criminal charges against Plaintiff, which led to intentional infliction of emotional distress of Plaintiff Arogant Hollywood, would lead to this lawsuit.

128.   As a direct, foreseeable, and proximate result of said wrongful acts by Defendants Anne Sloane and Taylor Oberlander, Plaintiff Arogant Hollywood suffered and will continue to suffer physical pain, fatigue, migraines, physical pain and suffering, humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to

be proven at the time of trial.

129.   As a direct and proximate result of the acts and omissions, as alleged herein, Plaintiff Arogant Hollywood suffered severe emotional distress and physical injuries that will be proven at the time of trial.

130.   Plaintiff Arogant Hollywood alleges that no fewer Defendants Anne Sloane and Taylor Oberlander and at least some of the JOHN DOE and JANE DOE defendants are liable to Plaintiff Arogant Hollywood for intentional infliction of emotional distress.

131.   As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Anne Sloane and Taylor Oberlander, Plaintiff Arogant Hollywood will incur attorney fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

132.   Defendants Anne Sloane and Taylor Oberlander's behavior alleged in paragraphs 13-129 has led to an emotional distress injury that is very severe that Plaintiff Arogant Hollywood during his entire ordeal had, and still is experiencing highly unpleasant mental reactions of fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry and nausea.

133.   Defendants Anne Sloane and Taylor Oberlander's cruel and harmful acts alleged in paragraphs 13-129 were all the only causes of Arogant Hollywood's severe emotional distress.

134.   The conduct of Defendants Anne Sloane and Taylor Oberlander as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiff Arogant Hollywood's constitutional rights. Plaintiff is thereby entitled to an award of punitive damages against Defendants Anne Sloane and Taylor Oberlander, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

135.   **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Anne Sloane, Taylor Oberlander and DOES 1-10, on the sixth claim for relief of the Plaintiffs' complaint in the amount that will justly compensate Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

## SEVENTH CAUSE OF ACTION---NEGLIGENT INTENTIONAL INFLICTION OF EMOTION DISTRESS ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS STARBUCKS CORPORATION, ANNE SLOANE, TAYLOR OBERLANDER+ & DOES 1-10.

136.   Plaintiff Alison Helen Fairchild hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

137.    The California Supreme Court has allowed plaintiffs to bring negligent infliction of emotion distress actions as "direct victims" in only three types of factual situations: (1) the negligent mishandling of corpses *(Christensen v. Superior Court (1991) 54 Cal. 3d 868, 879 [2 Cal. Rptr. 2d 79, 820 P.2d 181]*, (2) negligent misdiagnosis of a disease that could potentially harm another *(Molien v. Kaiser Foundation Hospitals (1980) 27 Cal.3d 916, 923 [167 Cal. Rptr. 831, 616 P.2d 813]*; and (3) the negligent breach of a duty arising out of a preexisting relationship.

138.    Accordingly, Defendants Anne Sloane, Taylor Oberlander, & Starbucks Corporation established a preexisting relationship with Plaintiff Arogant Hollywood by filing a false police report and maliciously prosecuting him in a criminal proceeding. Plaintiff Alison Helen Fairchild suffered damages by Defendants' actions causing her an acute amount of emotional and mental distress that led to her nearly having a heartache, Defendants actions were malicious and intentional, and Defendants Anne Sloane, Taylor Oberlander, & Starbucks Corporation breached a duty of care owed to Plaintiff Arogant Hollywood, and their breach directly affected the comfort, well-being,

happiness and personal welfare of Plaintiff Alison Helen Fairchild.

139.    Defendants Anne Sloane, Taylor Oberlander, & Starbucks Corporation acted negligently by falsely arresting Plaintiff Arogant Hollywood on June 23, 2015. The false arrest of Arogant Hollywood triggered serious multiple sclerosis relapse symptoms in Plaintiff Alison Helen Fairchild.

140.    Defendants Anne Sloane, Taylor Oberlander, & Starbucks Corporation acted negligently by falsely arresting and falsely imprisoning plaintiff Arogant Hollywood for a period of 4 consecutive hours. The false imprisonment of Arogant Hollywood caused Plaintiff Alison Helen Fairchild to experience chest hugs and pain in her upper chest, near her heart.

141.   Defendants Anne Sloane, Taylor Oberlander, & Starbucks Corporation acted negligently by falsely imprisoning Plaintiff Arogant Hollywood for nearly four hours. By Plaintiff Alison Helen Fairchild witnessing Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander place her significant other under private citizen's arrest, she experienced acute emotional and mental distress due to witnessing Defendants Anne Sloane, Taylor Oberlander, & Starbucks Corporation have her fiancé Arogant Hollywood placed in handcuffs.

142.   Defendants Anne Sloane, Taylor Oberlander, & Starbucks Corporation were the cause of Alison Helen Fairchild's severe mental and emotional distress.

143.   As a direct, foreseeable, and proximate result of said wrongful acts by Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation. Plaintiff Alison Helen Fairchild suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at the time of trial.

144.   As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Anne Sloane, Taylor Oberlander, and Starbucks Corporation, Plaintiff Fairchild has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

145.   The conduct of Defendants Anne Sloane and Taylor Oberlander as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiff Alison Helen Fairchild's rights. Plaintiff is thereby entitled to an award of punitive damages against Defendants Anne Sloane and Taylor Oberlander, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

146.    The conduct of Defendants Starbucks Corporation and their agents and employees as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiff Alison Helen Fairchild's rights, and done by managerial employees of Defendant Starbucks Corporation. Plaintiff is thereby entitled to an award of punitive damages against Defendant Starbucks Corporation, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

147.    Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander's cruel and harmful acts alleged in paragraphs 10-143. were all the only causes of Alison Helen Fairchild's severe emotional distress.

148.    Under the doctrine of respondeat superior, Defendant Starbucks Corporation is liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given Starbucks Corporation and possibly others', intentional infliction of emotional distress upon Plaintiff Alison Helen Fairchild as aforesaid.

149.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Starbucks Corporation, Anne Sloane, Taylor Oberlander and DOES 1-10, on the seventh claim for relief of the Plaintiffs' complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**EIGHTH CLAIM FOR RELIEF---VIOLATION OF 42 U.S.C.S. § 1983 (Under the Color of State Law) AS ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS STARBUCKS CORPORATION., ANNE SLOANE & TAYLOR OBERLANDER & DOES 1-10.**

150.    Plaintiff Arogant Hollywood hereby incorporates all other paragraphs of this civil rights

Verified Complaint for Damages for False Imprisonment, Negligence, Negligent Supervision and/or Retention, Gross Negligence, Civil Conspiracy, IIED, Negligent Intentional Infliction of Emotional Distress, Violations of 42 U.S.C.S. §§§§ 1981, 1983, 1985, & 12101

1   complaint for damages as if fully set forth herein.

2

3   151.   A deprivation of Arogant Hollywood's federal rights by private parties Anne Sloane, Taylor

4   Oberlander and Starbucks Corporation. constituted state action because the government had (1)

5   participated in joint activity to a degree that the actions of Defendants could be attributed to the

6   actions of city of Pasadena city deputy district attorneys, and the city of Pasadena peace officers and

7   (3) the local government compelled Defendants to act in a certain way.

8

9   152.   The joint activity by private individuals Defendants Anne Sloane, Taylor Oberlander and

10  Starbucks Corporation. and government agencies City of Pasadena police department and city of

11  Pasadena criminal district attorney's office, transformed all Defendants into state actors.

12

13  153.   Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation. established a

14  conspiracy against Arogant Hollywood by reaching an understanding to deny Plaintiff Hollywood

15  his constitutional civil rights. This understanding was done and conspired by the city of Pasadena

16  Police Department, Anne Sloane and Taylor Oberlander creating a false and fraudulent police report

17  in which Defendants knew was entirely untrue. See *Moore v. Marketplace Rest. Inc. (1985), 754*

18  *F.2d 1336, 1352 (7th Cir).*

19

20  154.   Private persons, jointly engaged with state officials in a challenged action, are acting "under

21  color of law for purposes of § 1983. See *Dennis v. Sparks (1980) 449 U.S. 24.*

22

23  155.   Plaintiff Arogant Hollywood can establish and prove a conspiracy to violate his

24  constitutional civil rights because Defendants and government officials that were actors in

25  conspiracy were all in a mutual agreement that they would maliciously prosecute and falsely

26  imprison Plaintiff Hollywood even though they knew that Plaintiff was innocent and there was no

27  probable cause for his arrest and false imprisonment for a period of 4 consecutive hours. Therefore,

28  **Verified Complaint for Damages for False Imprisonment, Negligence, Negligent Supervision and/or Retention, Gross Negligence, Civil Conspiracy, IIED, Negligent Intentional Infliction of Emotional Distress, Violations of 42 U.S.C.S. §§§§ 1981, 1983, 1985, & 12101**
**Page -35 of 85**

the involvement of Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation. with maliciously prosecuting Plaintiff Hollywood based on, and with the cooperation of city of Pasadena Police Department. Demonstrated a mutual agreement, and a meeting of minds to violate Arogant Hollywood's constitutional rights, and all of these actions and plans of Defendants constituted a federal rights violation conspiracy under 42 U.S.C.S. § 1983. See *Fonda v. Gray (1983), 707 F.2d 435, 438 (9th Cir.)*

156.   Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation violated the constitutional rights of Plaintiff Arogant Hollywood by meeting and conferring with county of city of Pasadena deputy district attorneys concerning and regarding the arrest and prosecution of Arogant Hollywood, in doing so, Defendants acted under the color of state law, and violated 42 U.S.C.S. § 1983.

157.   Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation violated the constitutional rights of Plaintiff Arogant Hollywood by encouraging the city of Pasadena criminal district attorney office to pursue criminal charges against Plaintiff Hollywood by filing a misdemeanor criminal complaint accusing Plaintiff of violation of Cal Pen Code § 602.

158.   Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation violated the constitutional rights of Plaintiff Arogant Hollywood by collaborating and acting in concert with city of Pasadena Police Department and city of Pasadena district attorney's office criminal investigation of Arogant Hollywood, which was all part of a conspiracy to falsely imprison and maliciously prosecute Plaintiff.

159.   Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation violated the constitutional rights of Plaintiff Arogant Hollywood by planning to testify as false witnesses at a criminal trial based on a crime that never actually occurred.

160.    Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation violated the constitutional rights of Plaintiff Arogant Hollywood by cooperating with the police investigation of city of Pasadena Police Department.

161.    Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation violated the constitutional rights of Plaintiff Arogant Hollywood by cooperating with the criminal investigation of Arogant Hollywood that was orchestrated and conducted by the city of Pasadena criminal district attorney office's investigators.

162.    Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation violated the constitutional rights of Plaintiff Arogant Hollywood and acted under the color of state law by making plans to be prosecutorial witnesses at the criminal trial of Arogant Hollywood.

163.    To act "under color of state law for 42 U.S.C.S. § 1983 purposes does not require that the defendant be an official of the State. It is enough that he is a willful participant in joint action with the State or its agents. See *Dennis v. Sparks (1980), 449 U.S. 24.*

164.    The involvement of a state official in a conspiracy plainly provides the state action essential to show a direct violation of a plaintiff's U.S. Const. amend. XIV equal protection rights, whether or not the actions of the official were officially authorized, or lawful. Moreover, a private party involved in such a conspiracy, even though not an official of the State, can be liable under 42 U.S.C.S. § 1983.

165.    To act "under color of" state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is willful participant in joint action with the State or its agents. Private persons, jointly engaged. See *Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970);*

**Verified Complaint for Damages for False Imprisonment, Negligence, Negligent Supervision and/or Retention, Gross Negligence, Civil Conspiracy, IIED, Negligent Intentional Infliction of Emotional Distress, Violations of 42 U.S.C.S. §§§§ 1981, 1983, 1985, & 12101**
Page -37 of 85

*United States v. Price 383 U.S. 787, 794 (1966).*

166.    The due process clause of the Fourteenth Amendment encompasses three kinds of federal claims enforceable through 42 U.S.C.S. § 1983: (1) claims for the deprivation of certain specific rights denoted in the Bill of Rights and made applicable to the states through incorporation; (2) claims under the substantive component of the due process clause "that bars certain arbitrary, wrongful government actions, 'regardless of the fairness of the procedures used to implement them'"; and (3) claims under the procedural component of the due process clause that prohibits the deprivation of life, liberty, or property without fair procedure. See *Zinermon v. Burch, 494 U.S. 113, 124 (1990) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986).*

167.    The conduct of Defendants Anne Sloane, Taylor Oberlander, and Starbucks Corporation as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiff Arogant Hollywood's constitutional rights. Plaintiff is thereby entitled to an award of punitive damages against Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

168.    **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Anne Sloane, Taylor Oberlander, Starbucks Corporation and DOES 1-10, on the eighth claim for relief of the Plaintiffs' complaint in the amount that will justly compensate Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

**NINTH CLAIM FOR RELIEF---VIOLATION OF 42 U.S.C.S. § 1985 (CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS) AS ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS STARBUCKS CORPORATION, ANNE SLOANE, TAYLOR OBERLANDER & DOES 1-10**

169.   Plaintiff Arogant Hollywood hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

170.   Plaintiff Arogant Hollywood alleges a conspiracy to interfere with his civil rights under 42 U.S.C.S. § 1985(3). Section 1985(3) provides, in pertinent part, that: "If two or more persons…go…on the premises of another, for the purpose of depriving…any person…of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities…from giving or securing to all persons… the equal protection of the laws[;]…the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation…." *Id.* It is well settled that "[t]o state a claim under § 1985(3), there must be 'some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action.'" *Gedrich v. Fairfax County Dep't of Family Servs., 91 S.Ct. 1790, 29 L. Ed. 2d 338 (1971)).*

171.   Plaintiff Arogant Hollywood alleges that the Defendants, and each of them, engaged in an illegal conspiracy to interfere with Plaintiffs Arogant Hollywood's civil rights in violation of 42 U.S.C.S. § 1985.

172.   Specifically, the Defendants, and each of them, did, in violation of 42 U.S.C.S. § 1985(3), conspire with another for the purpose of depriving, either directly or indirectly, Plaintiff Arogant Hollywood as a member of the African-American (black) class of persons, of the equal protection of the laws, and of equal privileges and immunities under the laws.

173.    As alleged herein, Defendants maliciously conspired with conspirators/co-conspirators with the intent to injure Plaintiffs Arogant Hollywood. Defendant Starbucks Corporation. and two of its employees Anne Sloane and Taylor Oberlander violated § 1985 by each of them participating in plans and conspiracies to falsely arrest and falsely imprison Plaintiff Hollywood. By being willing participants in a criminal investigation based on a crime that never actually occurred. By planning to testify to false testimonial at a criminal trial. By conspiring with the city of Pasadena to malicious prosecute Plaintiff Hollywood. By conspiring to make and file a false police report against Plaintiff Hollywood.  By engaging in these conspired acts together, and with multiple conspirators involved, Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander denied Arogant Hollywood's constitutional rights to not be denied liberty without legal justification and probable cause for arrest. Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander denied Arogant Hollywood's constitutional rights to be free from illegal seizure of his person unless there was probable cause for his criminal arrest, and by doing all the above, Defendants intentionally violated Plaintiff Arogant Hollywood's civil rights pursuant to 42 U.S.C.S. § 1985(3), and all the evil, cruel, malicious, and intentional acts were done solely, and specifically based on Plaintiff Hollywood's race.

174.    The Defendants, each and every one of them, acquired, possessed, and maintained a general knowledge of the conspiracy's objectives to inflict wrongs against and/or injury on Plaintiff Arogant Hollywood as described in this Complaint.

175.    Plaintiff Arogant Hollywood avers that Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander combined to engage in a scheme which was intended to violate the law and concealed and secreted same.

176.    Plaintiff Arogant Hollywood aver that Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander combined to engage in a scheme which was intended to violate the right of

Plaintiff Arogant Hollywood.

177.    The facts, evidence and legal conclusion contained in this civil rights complaint will support that Defendants Anne Sloane and Taylor Oberlander acted both within and outside the scope of their employment for personal reasons and bias towards Plaintiffs Arogant Hollywood. Moreover, said conspiracy(ies) was/were inspired and motivated by Defendants' engagement in systematic racial bias, discriminatory and retaliatory practices against Plaintiff Arogant Hollywood because of his race (African-American/black), knowledge of their engagement in protected activities, and systematic discriminatory practices –discrimination, retaliation, and harassment—as well as a conspiracy based on Defendants' knowledge of Plaintiff Arogant Hollywood engagement in protected activities (i.e., making complaints to Starbucks Corporation about conduct of employees, testifying, assisting, or participating in litigation/proceedings), thereby conspiring to deprive Plaintiffs Arogant Hollywood's rights secured and guaranteed under the Constitution and other laws of the United States.

178.    In doing the acts alleged, Defendants also acted in their official capacities in regard to conspiring to falsely imprison and malicious prosecute Plaintiff Arogant Hollywood.

179.    **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Anne Sloane, Taylor Oberlander, Starbucks Corporation and DOES 1-10, on the ninth cause of action of the Plaintiffs' complaint in the amount that will justly compensate Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

## TENTH CLAIM FOR RELIEF

### 42 U.S.C.S. § 1983

**Fourteenth Amendment—Denial of Equal Protections of Laws**

**(Against Defendants Starbucks Corporation, Anne Sloane, Taylor Oberlander and DOES 1-10).**

180.    Plaintiff Arogant Hollywood hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

181.    Since at least June 23, 201 Defendants Starbucks Corporation had a company custom, policy and procedure of permitting their employees to create false police reports, conspire with local law enforcement to maliciously prosecute the innocent and to make plans to testify as false witnesses against innocent people, in violation of the Fourteenth Amendment of the United States Constitution.

182.    The United States Constitution Amendment XIV, Section 1 provides:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny any person within jurisdiction the equal protection of the laws.

183.    Allegations of facts constituting a deprivation under color of state authority of a right guaranteed by the Fourteenth Amendment satisfies to that extent the requirement of Rev Stat 1979 (42 USC 1983), giving a right of action against a person who under color of state law, custom, or usage, subjects another to the deprivation of any rights, privileges, or immunities secured by the Federal Constitution.

184. Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander violated Plaintiff Arogant Hollywood's 14th Amendment rights by denying Plaintiff his constitutional rights to liberty/freedom not be restrained and/or taken away without due process of law.

211. Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander violated Plaintiff Arogant Hollywood's 14th Amendment rights by maliciously prosecuting Plaintiff for false charges.

185. Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander violated Plaintiff Arogant Hollywood's 14th Amendment rights by creating a false police report which led to Plaintiff's freedom/liberty be taken away for a period of 4 consecutive hours.

186. Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander violated Plaintiff Arogant Hollywood's 14th Amendment rights by cooperating with Pasadena Police Department's ongoing investigation of Plaintiff Arogant Hollywood.

187. Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander violated Plaintiff Arogant Hollywood's 14th Amendment rights by cooperating with City of Pasadena district attorney office's ongoing criminal investigation of Arogant Hollywood.

188. Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander violated Plaintiff Arogant Hollywood's 14th Amendment rights by conspiring with city of Pasadena Police Department and City of Pasadena D.A.'s office to falsely imprison and malicious prosecute Plaintiff Hollywood after 72 hours of his incarceration.

189. **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander on the tenth claim for relief of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

**ELEVENTH CLAIM FOR RELIEF---VIOLATION OF 42 U.S.C.S. § 1983—VIOLATION OF FOURTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES— DENIAL OF CONSTITUTIONAL RIGHT TO BE FREE FROM ILLEGAL SEARCH & SEIZURE WITHOUT LEGAL AUTHORITY OF JUSTIFICATION—FALSE ARREST & FALSE IMPRISONMENT-UNDER THE COLOR OF STATE LAW AS ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS ANNE SLOANE, TAYLOR OBERLANDER & DOES 1-10.**

190.    Plaintiff Arogant Hollywood hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

191.    42 U.S.C.S. § 1983 provides that:

Every person, who under the color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivations of any rights, privileges, or immunities secured by the constitution shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress...

192.    Defendants, under the color of state law, subjected Plaintiff Hollywood to the foregoing conspiracies, unlawful acts and omissions without justification and in violation of 42 U.S.C.S. § 1983, thereby depriving Plaintiff of rights, privileges and immunities secured by the Constitution and laws, including, but not limited to, those rights, privileges and immunities secured by the Fourth Amendment to the United States Constitution, including, without limitation, deprivation of the following constitutional rights, privileges, and immunities:

a.  Plaintiff was denied his constitutional right not be deprived of his liberty without legal justification of Plaintiff engaging in criminal activity;

b.  Plaintiff Hollywood was denied his constitutional right to be free from unlawful arrest to

without probable cause protected under the Fourth Amendment;

   c.  Plaintiff Hollywood was denied his constitutional right to be free from illegal search and seizure, protected under the Fourth Amendment;

   d.  Plaintiff Hollywood was denied his constitutional right to be free from false imprisonment;

   e.  Any reasonable person including all Defendants, knew or should have known these rights at the time of the complained of conduct as they were clearly established at that time;

193.   To the extent any of these constitutional deprivations required a showing of specific intent and/or motive, Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander acted intentionally, maliciously, and/or with reckless disregard for the natural and probable consequences of their actions.

194.   As a result of this violation, Plaintiff Hollywood suffered physical injuries, including but not limited to, deprivation of liberty, severe emotional distress, and permanent mental distress and turmoil, anxiety, depression, insomnia, embarrassment, and humiliation.

195.   Defendants' unlawful misconduct was objectively unreasonable and was undertaken with willful indifference to Plaintiff's constitutional civil rights.

196.   As a proximate result of Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander's unlawful conduct, Plaintiff Hollywood has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. Plaintiff is further entitled to attorney's fees and costs pursuant to 42 U.S.C.S. § 1988, prejudgment interests and costs as allowable by federal law.

---

197.    Typically, the elements of a false arrest claim are said to be that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the defendant had no privilege to cause the confinement. See Restatement (Second) Of Torts §§ 35, 118 cmt. B (1965). Neither malice nor lack of probable cause is an element of false arrest.

198.    Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander violated Plaintiff Hollywood constitutional 4th Amendment rights by contacting law enforcement and making false allegations Plaintiff was creating a disturbance and failed to make a purchase at the Starbucks Corporation store located at 3429 East Foothill Blvd., Pasadena, CA.

199.    Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander violated Plaintiff Hollywood constitutional 4th Amendment rights by being in concert with city of Pasadena Police Department's actions to detain and arrest Plaintiff Hollywood for the period of 4 consecutive hours.

200.    Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander violated Plaintiff Hollywood constitutional 4th Amendment rights by using law enforcement to falsely imprison Plaintiff Hollywood for the period of 4 consecutive hours.

201.    Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander violated Plaintiff Hollywood's constitutional 4th Amendment rights by denying Plaintiff his constitutional right to be free from unlawful arrest without probable cause.

202.    Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander violated Plaintiff Hollywood constitutional 4th Amendment rights by denying Plaintiff his constitutional right to be free from illegal search and seizure without legal justification and/or probable cause.

203.    While filing out a citizen's complaint form or making a citizen's arrest upon the advice of the police may constitute sufficient cooperative action, merely complaining to the police does not. Nor is the execution by a private party of a sworn complaint that forms the basis of the arrest sufficient when no evidence exits showing the execution was done as a result of the police's advice. See *Fraser v. County of Maui, 855 F. Supp 1167. 1994 US. Dist. LEXIS 8169 (D. Haw. June 7, 1994).*

204.    However, a private person can be sued for acting under the color of state law by receiving consultation and advice regarding the arrest of a private citizen. See *Sloman v. Tadlock, 21 F.3d 1462, 1468 (9th Cir. 1994).*

205.    Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander acted under the color of state law by receiving consultation and advice that the only way to have Plaintiff Arogant Hollywood removed from the 3429 East Foothill Starbucks was to arrest him for trespass.

206.    Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander acted under the color of state law by being told by Pasadena Police Department peace officers that only way they could remove Plaintiff Hollywood from 3429 East Foothill Blvd. Starbucks was by them placing Plaintiff Hollywood under a private citizen arrest by completing a private citizen arrest form. This private person's arrest form was produced by the city of Pasadena Police Department.

207.    **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander and DOES 1-10 on the eleventh claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

**TWELFTH CLAIM FOR RELIEF---VIOLATION OF 42 USCS § 12101 ET SEQ.), DENIAL OF EQUAL ACCESS---ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS STARBUCKS CORPORATION & DOES 1-10, INCLUSIVE.**

208.    Plaintiff Alison Helen Fairchild hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

209.    At all relevant times stated in this lawsuit Alison Helen Fairchild was a paying residential customer of STARBUCK CORPORATION store location 3429 East Foothill Blvd., Pasadena, CA.

210.    At all relevant times, Defendants' location 3429 East Foothill Blvd, managers, supervisors and employees were employed by Starbucks Corporation and were fully involved with the interest of having Alison Helen Fairchild discriminated against and denied ADA accommodations.

211.    The American Disabilities Act of 1990 is a sweeping civil rights law designed to "provide a clear and comprehensive national mandate for the elimination of discrimination against person with disabilities." 42 U.S.C. § 12101 (b)(1). In passing the ADA, Congress expressly found:
*Unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination.*
42 U.S.C. § 12101 (a)(4). Congress enacted the ADA in light of its findings that "individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities. "42 U.S.C. § 12101 (a)(5). Further, Congress stated that a primary purpose of the ADA is "to provide clear, strong, consistent,

Verified Complaint for Damages for False Imprisonment, Negligence, Negligent Supervision and/or Retention, Gross Negligence, Civil Conspiracy, IIED, Negligent Intentional Infliction of Emotional Distress, Violations of 42 U.S.C.S. §§§§ 1981, 1983, 1985, & 12101
Page **-48 of 85**

enforceable standards addressing discrimination against individuals with disabilities. "42 U.S.C. § 12101 (b)(2).

212.     A key enforcement mechanism is the statute's private right of action allowing individuals to sue for injunctive and declaratory relief. For private suits, title III of the ADA adopts the "remedies and procedures" set forth in title II of the 1964 Civil Rights Act, 42 U.S.C. § 2000a-3(a). Title II provides: "[w]henever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a-2 of this title, a civil action for preventive relief, including an application for a[n]..injunction… may be instituted by the person aggrieved[.] "42 U.S.C. § 2000a-3(a).

213.     To succeed as a matter of law under Title III of the ADA, Plaintiff Alison Helen Fairchild must prove that:
        a. Defendants Starbucks owns or operates a place of public accommodations;
        b. Alison Helen Fairchild, the aggrieved individual, is an individual with a disability; and
        c. Defendants accommodations discriminated against Plaintiff Alison Helen Fairchild based on her disability.
42 U.S.C. § 12182(a) & 42 U.S.C. § 12182(b).

214.     Starbucks Corporation, at which Plaintiff Alison Helen Fairchild attempted to gain reasonable accommodations on several occasions, and which are the subject of this lawsuit is a public accommodation as the operation of such entity affects commerce and because Starbucks Corporation is a "restaurant, bar, or other establishment serving food or drink." 42 U.S.C. § 12181

(7)(B).

215.    To address this broad range of discrimination in the context of public accommodations, Congress enacted Title III, which provides in part:

*No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations by any person who owns, leases (or leases to), or operates a place of public accommodation by any person who owns, leases (or leases to), operates a place of accommodation.*

42 U.S.C. § 12182. By its clear text, Title III requires a public accommodation to provide individuals with disabilities more than simple physical access to the accommodation's facilities. Congress recognized that "individuals with disabilities more than simple physical access, but also other forms of exclusion and "relegation to lesser services, programs, activities, benefits, jobs, or other opportunities." 42 U.S.C. § 12101 (a)(5) (emphasis added); see Also H.R. Rep. No. 485, Pt. 2, 101st Cong., 2d Sess. 54 (1990) ("lack of physical access to facilities" was only one of several "major areas of discrimination that need to be addressed"); H.R. Rep. No. 485, Pt. 3, 101st Cong., 2d Sess. 54 (1990) ("It is not sufficient to only make facilities accessible and usable, this title prohibits, as well, discrimination in the provision of programs and activities conducted by the public accommodation.")

216.    For that reason, the Act applies not only to barriers to physical access to business locations, but also to any policy, practice, or procedure that operates to deprive or diminish disabled individuals' full and equal enjoyment of the privileges and services offered by the public accommodation to the public at large. 42 U.S.C. § 12182. Thus, a public accommodation may not have a policy that specifically excludes individuals with disabilities from services. 42 U.S.C. § 12182 (B)(1)(a)(I). The statute also defines "discrimination" as including:

*the imposition or application of eligibility criteria that screen out or ten to screen out an individual with a disability...from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the*

*provision of the goods, services, facilities, privileges, advantages, or accommodations being offered.*
42 U.S.C. § 12182 (b)(2)(A)(i). The commentary to the implementing regulations explains that this provision "makes it discriminatory to impose policies or criteria that, while not creating a direct bar to individuals with disabilities, indirectly prevent or limit their ability to participate. "28 C.F.R. Pt. 36, App. B, p. 641 (commentary to 28 C.F.R. Pt. 36.301).

217.    A public accommodation also may not refuse to make reasonable modifications to a policy or practice that has the consequences of denying such individuals access to its services unless making a reasonable modification to that policy would fundamentally alter the nature of the services. 42 U.S.C. § 12182(b)(2)(A)(ii).

218.    Because Defendant Starbucks Corporation operate a place of public accommodation, they may not discriminate against individuals with disabilities "in the full and equal enjoyment" of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation as Defendants own, lease, lease to, or operate a place of public accommodation in violation of the ADA.  This means, among other things, that Defendants generally may not impose or apply unnecessary "eligibility criteria that screen out or tend to screen out an individual with a disability" from having access to an ADA accessible restaurant table, and then placing restriction on Plaintiff Alison Fairchild's use of that very same restaurant table.
42 U.S.C. § 12182(b)(2)(A)(i). Defendants must make reasonable modification in policies, practices, or procedures, when such modifications are necessary to afford such services [or] privileges…to individuals with disabilities" unless doing so would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations, which Plaintiff Alison Helen Fairchild believes Defendant Starbucks Corporation cannot do since they provided virtually identical accommodations to other Starbucks Corporation patrons/customers who were not disabled at all, in no shape or form.

219.    For an aspect of a Defendant's operation to be subject to Title III, there must be a connection between the service Plaintiff seeks and the place of public accommodation. In the words of the statute, the Act covers discrimination "in the full and equal enjoyment of the… services [or] [or] privileges…of any place or public accommodation. "42 U.S.C. § 12182(a).

220.    To be protected by the ADA one must have a disability, defined by the ADA as "(a) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (b) a record of such impairment; or (c) being regarded as having such an impairment." 42 U.S.C. § 12102(2) (1994); 29 C.F.R. § 1630.2(g) (1996). The ADA rule defines "mental impairment" to include "any mental or psychological disorder, such as…emotional or mental illness. "29 C.F.R. § 1630.2(H)(2) (1996).

221.    Examples of "emotional or mental illnesses" include major depression, anxiety disorders, including panic disorder, obsessive compulsive disorder, personality disorders, and post-traumatic stress order. The fourth edition of the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders is relevant for identifying these disorders. The DSM-IV has been recognized as an important reference by courts and is widely used by American mental health professionals for diagnostic and insurance reimbursement purposes. See, e.g., *Boldini v. Postmaster Gen., 928 F. Supp. 125, 130 (1995)*, where the court held, "in circumstances of mental impairment, a court may give weight to a diagnosis of mental impairment which is described in the Diagnostic and Statistical Manual of Mental Disorders of the American Psychiatric Association." Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion", and accompanying anxiety disorders like depression, is a bona fide medical and /or mental disorder as classified in the American Psychiatric Association's Diagnostic and Statistics Manual (DSM-IV).

The American with Disabilities Act also recognizes Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion" as mental disabilities whose victims are protected

Additionally, under several ADA-related holdings, and individual would be substantially limited if his-her relations with others were characterized on a regular basis by "consistently high levels of "anxiety and depression, resulting in social withdrawal."

222.   Plaintiff Alison Helen Fairchild avers that she was a customer at Starbucks corporate store 3429 East Foothill Blvd. long after she was diagnosed with Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion".

223.   Plaintiff Alison Helen Fairchild avers that she was discriminated against by Defendant Starbucks Corporation, and her mistreatment aggravated and elevated her mental illnesses disorders Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion".

224.   Plaintiff Alison Helen Fairchild avers that other similarly situated handicapped and ADA protected disabled persons will be discriminated against by Defendant Starbucks Corporation, unless the court grants injunctive relief in this lawsuit.

225.   Starbucks Corporation is a place of public accommodation, not a private club, and that its preferences to accommodate only certain of its patrons are no justification under the Equal Protection Clause. Such preferences, no matter how widely shared by Defendants' employees and/or clientele, bear no rational relation to the suitability of a female disabled woman who suffers from Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion", as a customer worthy of accommodation of or by the Starbucks Corporation Defendants.

226.   Based on the facts stated within this Complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity for Plaintiff Fairchild to participate in or benefit from the goods, services,

1   facilities, privileges, advantages, or accommodations of an entity, in violation of the ADA.

2

3   227.    Based on the facts stated within this Complaint, Defendants discriminated against Plaintiff

4   Alison Helen Fairchild as it is discriminatory to afford an individual, on the basis of a disability or

5   disabilities of such individual, directly, or through contractual, licensing, or other arrangements

6   with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage,

7   or accommodation that is not equal to that afforded to other individuals, in violation of 42 U.S.C. §

8   12182.

9

10  228.    Based on the facts stated within this Complaint, Defendants discriminated against Plaintiff

11  Alison Helen Fairchild as Defendant Starbucks Corporation failed to afford to an individual with a

12  disability accommodation in the most integrated setting appropriate to the needs of the individual, in

13  violation of 42 U.S.C. § 12182.

14

15  229.    Based on the facts stated within this Complaint, Defendants discriminated against Plaintiff

16  Alison Helen Fairchild by Defendants utilizing standards or criteria or methods of administration

17  that have the effect of discriminating on the basis of disability; or that perpetuate the discrimination

18  of others who are subject to common administrative control, in violation of 42 U.S.C. § 12182.

19

20  230.    Based on the facts stated within this Complaint, Defendants discriminated against Alison

21  Helen Fairchild as it is discriminatory to exclude or otherwise deny goods, services, facilities,

22  privileges, advantages, accommodations, or other opportunities to an individual or entity because of

23  the known disability of an individual with whom the individual is known to have a relationship or

24  association, in violation of 42 U.S.C. § 12182. See *Niece v. Fitzner, 922 F. Supp 1208 (1996).*

25

26  231.    Based on the facts stated within this Complaint, Defendant Starbucks Corporation as

27  Defendant's Starbucks Corporation store location 3429 East Foothill Blvd. engaged in the specific

28  **Verified Complaint for Damages for False Imprisonment, Negligence, Negligent Supervision and/or Retention, Gross Negligence, Civil Conspiracy, IIED, Negligent Intentional Infliction of Emotional Distress, Violations of 42 U.S.C.S. §§§§ 1981, 1983, 1985, & 12101**
**Page -54 of 85**

prohibitions as stated in 42 U.S.C. § 12182 and elsewhere in the ADA.

232.   Based on the facts stated within this Complaint, Defendant Starbucks Corporation discriminated against Plaintiff Alison Helen Fairchild as Defendants failed to demonstrate that the removal of any barrier is not readily achievable, and made such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods in a segregated manner, in violation of 42 U.S.C. § 12182.

233.   Plaintiff Alison Helen Fairchild has good cause to believe and in fact believes that the Defendant Starbucks Corporation will continue to operate an inaccessible facility and to enforce illegal policies and practices, which will result in figure discrimination against similarly situated disabled persons, in violation of the Americans with Disabilities Act.

234.   As part of a complete life, Plaintiff Alison Helen Fairchild wants to be able to travel and use public accommodations without restriction, which included sitting at a table at Defendant's Starbucks Corporation store located at 3429 East Foothill Blvd., Plaintiff Fairchild has been deterred from such use of the public accommodation because of Defendants' failure to treat Plaintiff Fairchild equally by not falsely arresting her caretaker for moving vacant chairs from a handicapped table she was seated at.

235.   As part of a complete life, Plaintiff Alison Helen Fairchild wants to be able to travel and use public accommodations without restriction, which included sitting at a table at Defendant's Starbucks Corporation store located at3429 East Foothill Blvd., Plaintiff Fairchild has been deterred from such use of the public accommodation because of Defendants' failure

236.   Defendant Starbucks Corporation has a habit of creating discriminatory policies, practices and procedures that prevent full and equal access to the public accommodation. Alison Helen

Fairchild believes that, and the evidence shows that, Defendants' illegal practices will continue and will result in future discrimination against similarly situated disabled persons, until an injunction is issued under the Americans with Disabilities Act.

237. The failure to permit a disabled person to participate in ordinary life activities, such as those afforded by Defendants' public accommodation, severely affected the quality of Plaintiff Alison Helen Fairchild's life and produced an irreparable and continuing injury that cannot be compensated or remedied solely by the award of money. Accordingly, among other remedies, Alison Helen Fairchild seeks an injunctive order requiring compliance with federal laws allowing access to Defendants' facilities by disabled persons, and to stop all violations of the civil rights laws which exist at the Defendants' properties, which will require modification of Defendants' policies, practices and procedures as alleged herein and as the Court may deem proper.

238. Defendant Starbucks Corporation violated USCS § 12101 by intentionally denying Alison Helen Fairchild civil rights right to equal public accommodations by intentionally failing to have more than one handicapped accessible restaurant tables available at their 3429 East Foothill Blvd. store location.

239. Defendant Starbucks Corporation violated USCS § 12101 by intentionally denying Alison Helen Fairchild her civil rights right to equal public accommodations by intentionally failing to have more than one handicapped accessible restaurant tables available at their 3429 East Foothill Blvd. store location.

240. Defendant Starbucks Corporation violated USCS § 12101 by intentionally denying Alison Helen Fairchild civil rights right to equal public accommodations by treating her like a second-class citizen by calling Pasadena Police Department based on her fiancé and caretaker Arogant

Hollywood moving a chair from a handicap table she was seated at.

241.    Defendant Starbucks Corporation violated USCS § 12101 by discriminating against Alison Helen Fairchild on the based on her disability.

242.    Defendant Starbucks Corporation violated USCS. § 12101 by intentionally failing to make modifications to its existing 3429 East Foothill Blvd. location building to comply with all federal and state disability laws.

243.    Defendant Starbucks Corporation violated USCS § 12101 by intentionally denying Alison Helen Fairchild civil rights right to equal public accommodations by conspiring, and then using the assistance of deadly force to have her caretaker Arogant Hollywood removed from her presence without Plaintiff Hollywood being engaged in any wrongdoing whatsoever.

244.    Pursuant to *Munson v. Del Taco Inc. (2009) Cal. 4th 661, 668-669*, ADA violations do not have to be intentional.

245.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands injunctive relief against Defendant Starbucks Corporation, on the twelfth claim for relief of the Plaintiffs' complaint to enjoin Defendant from any further discriminatory policies that violate Title III of the American Disabilities Act of 1990.

## THIRTEENTH CLAIM FOR RELIEF---DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§ 54, 54.1 AND 54.3, *ET SEQ*, ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANT STARBUCKS CORPORATION.

246.   Plaintiff Alison Helen Fairchild hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

247.   At all relevant times stated in this lawsuit Alison Helen Fairchild was a paying residential customer of STARBUCK CORPORATION store location 3429 East Foothill Blvd., Pasadena, CA.

248.   At all times, relevant to this action, California Civil Code § 54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:(a) Individuals with disabilities… have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

249.   California Civil Code § 54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or [7] facilities:(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses. streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons. Civil Code§ 54.1(a)(1)

250.   California Civil Code § 54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1: (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes

a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code § 54. 1(d)

251.    Plaintiff Alison Helen Fairchild is a person within the meaning of Civil Code § 54.1 whose rights have been infringed upon and violated by the Defendant Starbucks Corporation, and each of them, as prescribed by §§ 54 and 54.1. Each specific barrier which Defendants knowingly and willfully failed and refused to remove constitutes a separate act in violation of §§ 54 and 54.1. Plaintiff Alison Helen Fairchild has been and continues to be denied full and equal access to Defendants STARBUCK CORPORATION location 3429 East Foothill Blvd., Pasadena, California. As a legal result, Plaintiff Alison Helen Fairchild is entitled to seek damages pursuant to California Civil Code § 54.3(a) for each day since June 23, 2015, and she was deterred from returning to Defendants' store location because of her knowledge and belief that the restaurants' seating area of subject property building is inaccessible to persons with disabilities. California Civil Code § 54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($ 1,000) and … attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2. Civil Code § 54.3(a)

252.    From June 23, 2015 to this present day, Plaintiff Alison Helen Fairchild continues to suffer violations of §§ 54 and 54.1 of the Civil Code in that Plaintiff Alison Helen Fairchild has been denied access to Starbucks Corporation location 3429 East Foothill Blvd. Plaintiff Fairchild has been denied access to STARBUCKS CORPORATION 3429 East Foothill Blvd.'s restaurant

tables for handicapped and/or disabled persons, located at subject real property. Plaintiff Fairchild was denied access on the basis that Plaintiff Alison Helen Fairchild was a person with physical disabilities.

253.   Because of the denial of equal access to defendants' facilities. As a result of the denial of equal access to Defendant Starbucks Corporation store location 3429 East Foothill Blvd.'s handicapped restaurant table, due to the acts and omissions of Defendant Starbucks Corporation, and each of them, in owning, operating and maintaining these subject public facilities, Plaintiff Alison Helen Fairchild suffered violations of Plaintiff's civil rights, including but not limited to rights under §§ 54, 54.1 and 54.3, Civil Code, and Plaintiff Alison Helen Fairchild suffered physical discomfort, bodily injury, emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of a person with physical disabilities, all to Plaintiff's damages as hereinafter stated. Defendant Starbucks Corporation's. actions and omissions to act constituted discrimination against Plaintiff Alison Helen Fairchild on the sole basis that Plaintiff Alison Helen Fairchild is a person that represents persons with physical disabilities and unable, because of the inaccessible restaurant tables, and lack of accessible restaurant tables created and maintained by the Defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

254.   Plaintiff Alison Helen Fairchild, on the sole basis that Plaintiff Alison Helen Fairchild is a person that represents persons with physical disabilities and unable, because of the physical barriers created and maintained by Defendant Starbucks Corporation in violation of the subject laws, to use STARBUCKS CORPORATION handicapped table, and discriminated against because Defendant Starbucks Corporation lacked maintaining more than one handicapped restaurant table, as mentioned hereinabove, described on a full and equal basis as other persons.

Verified Complaint for Damages for False Imprisonment, Negligence, Negligent Supervision and/or Retention, Gross Negligence, Civil Conspiracy, IIED, Negligent Intentional Infliction of Emotional Distress, Violations of 42 U.S.C.S. §§§§ 1981, 1983, 1985, & 12101
Page -60 of 85

255.   Plaintiff Alison Helen Fairchild has been damaged by Defendant Starbucks Corporation, and each of their wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54 and 54.1, 54.3 and 55 for violation of Plaintiff Alison Helen Fairchild's rights as a person that represents persons with physical disabilities on or about June 23, 2015 , and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to § 54.3 of the Civil Code according to proof.

256.   Because of Defendant Starbucks Corporation, and each of their acts and omissions in this regard, Plaintiff Alison Helen Fairchild has been required to incur legal expenses needed for research, to enforce Plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of § 54.3 and § 55 of the Civil Code, Plaintiff Alison Helen Fairchild therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, Plaintiff Fairchild's lawsuit is intended not only to obtain compensation for damages to herself, but also to compel the Defendant Starbucks Corporation to make its facilities accessible to all members of the public with disabilities, and to cease interfering with the rights of all members of the public with disabilities by failing to maintain at least three handicapped restaurant tables that are wheelchair accessible and ADA approved, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of § 1021.5 of the Code of Civil Procedure.

257.   Defendant Starbucks Corporation violated California Civil Code § 54.1 by failing to maintain at least three handicap restaurant tables that would allow Alison Helen Fairchild full and equal access to its 3429 East Foothill Blvd., Pasadena, CA store location on any equal basis as non-disabled Starbucks patrons/customers.

258.   Defendant Starbucks Corporation violated California Civil Code § 54.1 by interfering with

Plaintiff Alison Helen Fairchild's civil rights to be sit at an ADA accessible restaurant table that would have allowed Alison Helen Fairchild full and equal access to its 3429 East Foothill Blvd., Pasadena, CA store location on any equal basis as non-disabled Starbucks patrons/customers.

259.   **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendant Starbucks Corporation, on the thirteenth claim for relief of the Plaintiff's complaint in the amount that will justly compensate Plaintiff Fairchild for her damages, together with costs and attorneys' fees in this action.

**FOURTEENTH CLAIM FOR RELIEF---FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE § 51, *ET SEQ*, (THE UNRUH CIVIL RIGHTS ACT) ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANT STARBUCKS CORPORATION.**

260.   Plaintiff Alison Helen Fairchild hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

261.   Defendant Starbucks Corporation's actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating physical barriers, policies, practices and/or procedures violates § 51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

This section shall be known, and may be cited, as the Unruh Civil Rights Act.

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

1  This section shall not be construed to confer any right or privilege on a person that is conditioned or

2  limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry,

3  national origin, or disability.

4  Nothing in this section shall be construed to require any construction, alteration, repair, structural or

5  otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or

6  modification that is otherwise required by other provisions of law, to any new or existing

7  establishment, facility, building, improvement, or any other structure . . . nor shall anything in this

8  section be construed to augment, restrict, or alter in any way the authority of the State Architect to

9  require construction, alteration, repair, or modifications that the State Architect otherwise possesses

10 pursuant to other . . . laws. A violation of the right of any individual under the Americans with

11 Disability Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

12 As the Unruh Act incorporates violations of the Americans with Disability Act of 1990, the "intent"

13 of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the

14 part of defendants, as reasonable and prudent public accommodations, in acting or failing to act to

15 identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of

16 them.

17

18 262.    Defendant Starbucks Corporation's actions and omissions and failure to act as a reasonable and

19 prudent public accommodation by creating unlawful and illegal policies, practices and/or procedures

20 that resulted in civil rights violations of Alison Helen Fairchild, violates § 51 of the Civil Code, the

21 Unruh Civil Rights Act. The Unruh Act provides:

22 This section shall be known, and may be cited, as the Unruh Civil Rights Act.

23 All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race,

24 color, religion, ancestry, national origin, or disability are entitled to the full and equal

25 accommodations, advantages, facilities, privileges, or services in all business establishments of

26 every kind whatsoever.

27 This section shall not be construed to confer any right or privilege on a person that is conditioned or

28 **Verified Complaint for Damages for False Imprisonment, Negligence, Negligent Supervision and/or Retention, Gross Negligence, Civil Conspiracy, IIED, Negligent Intentional Infliction of Emotional Distress, Violations of 42 U.S.C.S. §§§§ 1981, 1983, 1985, & 12101**

1  limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry,
2  national origin, or disability. A violation of the right of any individual under the Americans with
3  Disability Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.
4
5  263.    The act and omissions of defendants stated herein are discriminatory in nature and in violation of
6  Civil Code § 51.5: No business establishment of any kind whatsoever shall discriminate against,
7  boycott or blacklist, refuse to buy from, sell to, or trade with any person in the state because of the
8  race, creed, religion, color, national origin, sex, or disability of the person or of the person's partners,
9  members, stockholders, directors, officers, managers, superintendents, agents, employees, business
10  associates, suppliers, or customers. As used in this section, "person" includes any person, firm
11  association, organization, partnership, business trust, corporation, limited liability company, or
12  company.
13  Nothing in this section shall be construed to require any construction, alteration, repair, structural or
14  otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or
15  modification that is otherwise required by other provisions of law, to any new or existing
16  establishment, facility, building, improvement, or any other structure . . . nor shall anything in this
17  section be construed to augment, restrict or alter in any way the authority of the State Architect to
18  require construction, alteration, repair, or modifications that the State Architect otherwise possesses
19  pursuant to other laws.
20
21  264.    Defendant Starbucks Corporation's act and omissions as specified had denied to Plaintiff
22  Alison Helen Fairchild full and equal accommodations, advantages, facilities, privileges and
23  services in a business establishment, on the basis of physical disability, in violation of Civil Code §§
24  51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to
25  California Civil Code § 51, "A violation of the right of any individual under the Americans with
26  Disability Act of 1990 (Public Law 101-336) shall also constitute a violation of this section".
27  Plaintiff Alison Helen Fairchild accordingly incorporate the entirety of her above claim for relief for
28

Verified Complaint for Damages for False Imprisonment, Negligence, Negligent Supervision and/or Retention, Gross
Negligence, Civil Conspiracy, IIED, Negligent Intentional Infliction of Emotional Distress, Violations of 42 U.S.C.S.
§§§§ 1981, 1983, 1985, & 12101
Page -64 of 85

1   violation of the Americans with Disability Act at PP34, et seq., as if re-pled herein.

2

3   265.    As a legal result of the violation of Plaintiff Alison Helen Fairchild's civil rights as

4   hereinabove described, Plaintiff Alison Helen Fairchild has suffered general damages, bodily injury,

5   physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred

6   reasonable attorneys' fees and costs). Plaintiff Alison Helen Fairchild is entitled to the rights and

7   remedies of § 52(a) of the Civil Code, including trebling of actual damages (defined by § 52(h) of

8   the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and

9   costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

10

11   266.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendant

12   Starbucks Corporation on the fourteenth claim for relief of the Plaintiffs' complaint in the amount

13   that will justly compensate Plaintiff Fairchild for her damages, together with costs and attorneys'

14   fees in this action.

15

16   **FIFTEENTH CLAIM FOR RELIEF---VIOLATION OF CALIFORNIA CIVIL CODE**

17   **SECTION 51.5 AS ALLEGED BY AROGANT HOLLYWOOD AS AGAINST DEFENDANT**

18   **STARBUCKS CORPORATION.**

19

20   267.    Plaintiff Arogant Hollywood hereby incorporates all other paragraphs of this civil rights

21   complaint for damages as if fully set forth herein.

22

23   268.    At all relevant times stated herein and throughout this entire civil rights complaint

24   Defendants were acting under the color state law by signing a private citizen's arrest form so that

25   Defendants could have Plaintiff Hollywood removed from their Starbucks Corporation location

26   3429 East Foothill Blvd. permanently and arresting for a misdemeanor crime that was never

27   committed.

28   Verified Complaint for Damages for False Imprisonment, Negligence, Negligent Supervision and/or Retention, Gross
Negligence, Civil Conspiracy, IIED, Negligent Intentional Infliction of Emotional Distress, Violations of 42 U.S.C.S.
§§§§ 1981, 1983, 1985, & 12101

269.    At all relevant times stated throughout this lawsuit Defendants Starbucks Corporation, Anne Sloane and Taylor Oberlander acted under the color of state law and violated Plaintiff Hollywood's 4th Amendment constitutional rights by working in conjunction with law enforcement.

270.    The conduct of Defendants Starbucks Corporation violated California Civil Code § 51.5 in that Defendant's 3429 East Foothill store location, a business establishment, discriminated against, boycotted, or blacklisted, or refused to buy from, contract with, sell to or trade with Plaintiff Arogant Hollywood based on his race, color, religion, ancestry, and national origin.

271.    As a direct and legal result of Defendants' violation of Civil Code § 51.5 and other state constitutional rights, Plaintiff Arogant Hollywood suffered violations of his civil rights.

272.    As a direct, foreseeable, and proximate result of said wrongful acts by Defendant Starbucks Corporation, Plaintiff Arogant Hollywood suffered incidental and consequential damages and losses, all in an amount to be proven at time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to California Civil Code § 3287 and any other provision of law providing for prejudgment interest.

273.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendant Starbucks Corporation. Plaintiff suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to the Plaintiff's damage in an amount to be proven at time of trial.

274.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendant Starbucks Corporation. Plaintiff Arogant Hollywood has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

275.    The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff Arogant Hollywood's civil rights, and done by management employees of Defendant Starbucks Corporation. Plaintiff Arogant Hollywood is thereby entitled to an award of punitive damages against Defendants, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

276.    **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendant Starbucks Corporation on the fifteenth claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

**SIXTEENTH CLAIM FOR RELIEF---VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1 AS ALLEGED BY AROGANT HOLLYWOOD AS AGAINST DEFENDANT STARBUCKS CORPORATION & DOES 1-10.**

277.    Plaintiff Arogant Hollywood hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

278.    California Civil Code § 52.`1 (b), states the following: Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right of rights secured.

279.   The conduct of Defendant Starbucks Corporation violated California Civil Code § 52.1, in that Defendants, attempted to, and did, by threats, intimidation, or coercion, and using wrongful and deadly force, interfere with Plaintiff Arogant Hollywood's civil rights secured by the Constitution or laws of the United States, including the right to be free from discrimination.

280.   Defendant's interference with Plaintiff Arogant Hollywood's exercise and enjoyment of his civil and constitutional rights, as herein alleged, were due [1] to Plaintiff's race, color, religion, ancestry, and national origin.

281.   Defendants attempted to, and did, by threats, intimidation, and coercion, interfere with the exercise and enjoyment of the civil and constitutional rights of Plaintiff secured by the California State Constitution.

282.   Defendants' interference with Plaintiff's enjoyment of his civil and constitutional rights, as alleged herein, was due to Plaintiff's race, color, religion, ancestry, and national origin.

283.   Such actions by Defendant Starbucks Corporation were without any legitimate cause or justification and were intentional, malicious, reckless and in bad faith.

284.   As a direct and legal result of Defendants' violation of Civil Code § 52.1 and other state constitutional rights, Plaintiff Arogant Hollywood suffered violations of his civil rights.

285.   By virtue of the provisions of Civil Code § 52.1, Defendant Starbucks Corporation acted willfully, maliciously, intentionally, oppressively and in reckless disregard of the possible consequences of their conduct and accordingly, Plaintiff is entitled [2] to and hereby demand punitive and exemplary damages for the sake of example and by way of punishing Defendants in an amount to be proven at trial.

286.    By virtue of the provisions of Civil Code § 52.1, Plaintiff Arogant Hollywood is entitled to and demand three times the amount of actual damages.

287.    By virtue of the provisions of Civil Code § 52.1, Plaintiff is entitled to and demand a civil penalty of twenty-five thousand dollars.

288.    By virtue of the provisions of Civil Code § 52.1, Plaintiff is entitled to and demands and award of reasonable attorneys' fees.

289.    The conduct of Defendant Starbucks Corporation and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff Arogant Hollywood's civil rights, and done by managerial employees of Defendant Starbucks. Plaintiff is thereby entitled to an award of punitive damages against Defendant Starbucks Corporation, in an amount appropriate to punish and make an example of Defendants, [3] and in an amount to conform to proof.

290.    **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendant Starbucks Corporation on the sixteenth claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

**SEVENTEENTH CLAIM FOR RELIEF---DISCRIMINATION IN VIOLATION of TITLE II of THE CIVIL RIGHT ACT of 1964 (42 U.S.C.S. § 1981) (EQUAL RIGHTS) AS ALLEGED BY AROGANT HOLLYWOOD AS AGAINST DEFENDANTS STARBUCKS CORPORATION & DOES 1-10.**

291.    Plaintiff Arogant Hollywood hereby incorporates all other paragraphs of this civil rights

1  complaint for damages as if fully set forth herein.

2

3  292.    Congress enacted the Civil Rights Act to ensure that a dollar in the hands of a Negro will

4  purchase the same thing as a dollar in the hands of a white..." *Jones v. Alfred H. Mayer Co., 393*

5  *U.S., 409, 443 (1968).* : The aim of [the Act] is to remove the impediment of discrimination from a

6  minority citizen's ability to participate fully and equally in the marketplace. *"Bobbitt v. Bobbitt v.*

7  *Rage, Inc., 19 F. Supp. 2d 512, 516 (W.D.N.C. 1998)*; **see also** *Patterson v. McLean Credit Union,*

8  *491 U.S. 164, 190 (1989).*

9

10  293.    Through 42 U.S.C. § 1981, "Congress intended to prohibit 'all racial discrimination, private

11  and public, in the sale of property." And in the making and enforcement of contracts. *Runyon v.*

12  *McCrary, 427, U.S. 160, 170 (1976) (quoting Jones v. Alfred H. Mayer Co., 392 U.S. 409, 437*

13  *(1968).* It is the aim of the statute "to remove the impediment of discrimination from a minority

14  citizen's ability participate fully and equally in the marketplace." *Brown v. American Honda Motor*

15  *Co., 939 F.2d 946, 949* (11th Cir. 1991).

16

17  294.    Plaintiff Arogant Hollywood avers that he is a member of a racial minority, that Defendant

18  Starbucks Corporation intended to discriminate against him based on his race, and the

19  discrimination concerned at least one, if not more, of the activities enumerated in the statute.

20

21  295.    On information and belief, Plaintiff Arogant Hollywood avers that Defendant Starbucks

22  Corporation treated similarly situated individuals outside of his racial group differently.

23

24  296.    On information and belief, Plaintiff Arogant Hollywood avers that Defendant Starbucks

25  Corporation were motivated by racial animus when they refused to contract on equal terms with

26  Arogant Hollywood based on his race.

27

28  **Verified Complaint for Damages for False Imprisonment, Negligence, Negligent Supervision and/or Retention, Gross Negligence, Civil Conspiracy, IIED, Negligent Intentional Infliction of Emotional Distress, Violations of 42 U.S.C.S. §§§§ 1981, 1983, 1985, & 12101**
    **Page -70 of 85**

297.    On information and belief, Plaintiff Arogant Hollywood avers that those benefits, privileges, terms and conditions of which Arogant Hollywood was deprived or whose right to same was impaired by acts of discrimination, were enjoyed by white citizens of the United States, in violation of 42 U.S.C. § 1981.

298.    On information and belief, Plaintiff Arogant Hollywood avers that the discrimination complained of is causally connected to his race, which is black.

299.    Indirect evidence of discriminatory intent is circumstantial evidence from which racial motivation can be inferred. See *Hampton v. Dillard Dep't Stores, 247 F.3d 1091, 1109 (10th Cir. 2001), cert. Denied, 534 U.S. 1131 (2002)* (stating that evidence of discrimination need not be admitted); *Joseph v. N.Y. Yankees P'ship, No. 00 CIV. 2275(SHS), 2000 WI. 1559019, at \*5 (S.D.N.Y. Oct. 19, 2000)* (explaining that discriminatory intent can be inferred when plaintiff can show specific instances where individuals situated similarly "in all relevant aspects" were treated differently according to their race); *Washington v. Duty Free Shoppers, Ltd., 710 F. Supp. 1288, 1289 (N.D. Cal. 1988)* (explaining that a confession of discrimination is not necessary for finding evidence of discrimination).

300.    Plaintiff Arogant Hollywood avers that the facts as alleged herein present sufficient evidence that the Defendant Starbucks Corporation denied Plaintiff customer service and restaurant store accommodations while white Starbucks Corporation store customers were allowed to enter and receive store accommodations and services, and that Starbucks Corporation denied Arogant Hollywood the right to "make and enforce contracts on the same basis as white citizens", when Defendants' 3429 East Foothill Blvd. managers Anne Sloane and Taylor Oberlander banned Plaintiff for no legitimate reason at all, had him arrested, and Defendants used deadly force to execute and effectuate the discriminatory forceful removal of Plaintiff, while Starbucks Corporation 3429 East Foothill Blvd. store location did accommodate, serve, make contracts, and accept cash,

1  debit, or credit card transactions from white patrons shopping at Starbucks Corporation store 3429

2  East Foothill Blvd. on or about June 23, 2015.

3

4  301.   Plaintiff Arogant Hollywood avers he has the option of proving that he was deprived of

5  services while similarly situated persons outside the protected class were not. *Callwood v. Dave &*

6  *Buster's*, 98 F. Supp. 2d 694, 707 (D.MD. 2000); **see also** *Murrell v. Ocean Mecca Motel*, 262 F.3d

7  253, 257 (4th Cir. 2001) (stating similar test for establishing a prima facie case of race

8  discrimination in eviction from motel); see *Christian v. Wal-Mart Stores*, 252 F.3d 862, 873 (6th

9  Cir. 2001) (This language: "which makes actionable the deprivation of service, as opposed to an

10  outright refusal of service, better comprehends the realities of commercial establishment cases in

11  which an aggrieved plaintiff may have been asked to leave the place of business prior to completing

12  (his) purchase, refused service within the establishment, or refused outright access to the

13  establishment. It is thus in harmony with the promise of § 1981 (b), which guaranties all persons

14  equal rights in "the making, performance, modification, and termination of contracts, and the

15  enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.")

16

17  302.   Plaintiff Arogant Hollywood attempted to contract with Defendants' 3429 East Foothill

18  Blvd., store location, but was repeatedly prevented from doing so because Plaintiff Hollywood was

19  denied reasonable accommodation into Starbucks Corporation store location. Arogant Hollywood

20  attempted to gain entry, and therefore Plaintiff states a plausible cause of action under § 1981

21  because similarly situated Caucasian patrons and customers were allowed reasonable

22  accommodation to enter 3429 East Foothill Blvd. Starbucks Corporation location, and enter into a

23  contract with said Defendants. Plaintiff Arogant Hollywood avers that Starbucks Corporation's

24  refusal to allow him reasonable accommodation to sit in the restaurant after Plaintiff Hollywood had

25  in fact made a purchase, was the equivalent to a refusal to contract with Defendants. It was a

26  discriminatory refusal to deal, and the license to enter Starbucks Corporation store location 3429

27  East Foothill Blvd. was necessary to make good on the restaurant's implicit invitation to deal.

28  **Verified Complaint for Damages for False Imprisonment, Negligence, Negligent Supervision and/or Retention, Gross Negligence, Civil Conspiracy, IIED, Negligent Intentional Infliction of Emotional Distress, Violations of 42 U.S.C.S. §§§§ 1981, 1983, 1985, & 12101**
   **Page -72 of 85**

Defendant Starbucks Corporation's refusal to accommodate Plaintiff Arogant Hollywood denied a male African-American the right to contract on the same terms and conditions as is enjoyed by white citizens. Further, race-based harassment interferes with the right of a customer of color to contract on the same terms as white customers. See *Brief of Amicus Curia Lawyers' Committee for Civil Rights Under Law, at 5, Hampton v. Dillard Dep't Stores, 247 F. 3d 1091 (10ᵗʰ Cir. 2001) (Nos. 98 3011, 98-3261) cert. denied, 534 U.S. 1131 (2002).*

303.    Plaintiff Arogant Hollywood further believes he can demonstrate that any reasons Defendants may offer that purport to show they excluded Plaintiff Hollywood for legitimate, non-discriminatory reasons are a pretext for discrimination, as Plaintiff Hollywood avers he can show that any such reasons proffered by Defendant Starbucks Corporation have no basis in fact, that the reasons are not the actual reasons, and that the stated reasons are insufficient to explain Defendants' action. See *McDonnell Douglas Corp. v. Green, 411 U.S. 793, 804 (1973); Christian v. Wal-Mart Stores, 252 F. 3d at 879;* **see also** *Johnson v. Univ. of Cincinnati, 215 F.ed 561, 572 (6ᵗʰ Cir. 2000).*

350.    Because of the Defendants' violations of Plaintiff Arogant Hollywood's rights under 42 U.S.C.S. § 1981, Plaintiff Hollywood has been damaged and claims entitlement to all relief as may be afforded him to redress said wrongs.

304.    Plaintiff Arogant Hollywood maintains that the Defendant Starbucks Corporation, and each and all of them, are directly liable to Plaintiff Hollywood under 42 U.S.C.S. § 1981 for the deliberate and intentional actions of the Starbucks Corporation and their agents and/or partners and/or joint ventures and/or employees and/or representatives.

305.    Plaintiff Arogant Hollywood maintains alternately that Starbucks Corporation, or Defendants is or are liable to Plaintiff Hollywood under 42 U.S.C. § 1981 pursuant to the doctrine of respondeat superior.

306.   Punitive damages are available under 42 U.S.C. § 1981.2 "[A] jury may be permitted to assess punitive damages" in a civil rights case "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves recklessness or callous indifference to the federally protected rights of others." *Smith v. Wade, 461 U.S. 30, 56 (1983)* (applying common law tort rules to action brought under 42 U.S.C. § 1983); **see also** *Kolstad v. American Dental Ass'n, 527 U.S. 526, 535 (1999)* (recognizing that Congress adopted the Wade standard in providing for punitive damages in Title II and ADA cases); *Bisbal-Ramos v. City of Mayaguez 467 F.3d 16, 25 (1st Cir. 2006)* (quoting Wade)

307.   On information and belief, Defendant Starbucks Corporation engaged in intentional discrimination based on Plaintiff Arogant Hollywood's perceived race, color, ethnicity, or ancestry, and caused Plaintiff Hollywood to suffer deprivation of his right make and enforce contracts, with deliberate and substantial disregard for Plaintiff's rights.

308.   Defendants' actions violated 42 U.S.C. § 1981, et seq. This Court cannot in good conscience remain silent while California citizens are subject to invidious racial discrimination.

309.   Plaintiff Arogant Hollywood had a contract with Defendant's Starbucks Corporation. Plaintiff Hollywood created this contract by making restaurant store commerce transactions at STARBUCKS CORPORATION, and honored this agreement by dining at Starbucks Corporation store location 3429 East Foothill Blvd. on at least two occasions prior to Plaintiff's permanent of unjustified ban from restaurant store location.

310.   Defendant's 3429 East Foothill Blvd. store location breached this contract when its general manager and employees contacted law enforcement and created false allegations that Plaintiff Hollywood had created a disturbance inside of their restaurant. This unlawful civil conspiracy was created in order for Defendant's employees to justify Plaintiff's Starbucks Corporation expulsion

311.    Defendants' 3429 East Foothill Blvd. store location breached this contract when its manager told Plaintiff Hollywood he would not be allowed to come back into the Starbucks Corporation store location.

312.    The employees and managers of STARBUCKS CORPORATION store location 3429 East Foothill Blvd. were at all relevant times agents and/or employees of Defendant Starbucks Corporation. The employees and managers that intentionally discriminated against Plaintiff Hollywood were at all times acting at the directions of agent of Defendant Starbucks Corporation.

313.    The employees and managers of STARBUCKS CORPORATION were at all relevant times agents and/or employees of the Defendant Starbucks Corporation. The employees and managers that contacted local law enforcement for no legitimate reason, were at all relevant times agents and/or employees of the Defendant Starbucks. The employees and managers that told city of Pasadena Police Department false information that almost got Plaintiff Hollywood handcuffed and arrested, were employees of Defendant Starbucks Corporation at the time of the alleged incident on or around June 23, 2015.

314.    Plaintiff Arogant Hollywood seek, on his own behalf, full compensation for the discriminatory acts he suffered.

315.    As a direct, foreseeable, and proximate [3] result of and wrongful acts by Defendant Starbucks Corporation. Plaintiff Arogant Hollywood suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

316.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendant Starbucks Corporation. Plaintiff has incurred attorney's fees in an amount to be determined, for

which Plaintiff claims a sum to be established according to proof.

317.   The conduct of Defendant Starbucks Corporation and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's civil rights, and done by managerial employees of Defendant Starbucks Corporation. Plaintiff Arogant Hollywood is thereby entitled to an award of punitive damages against Defendant Starbucks Corporation in amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

318.   **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendant Starbucks Corporation on the seventeenth claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild respectively prays for judgment on the above-alleged claims for relief against Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation as follows:

A.   Pursuant to 42 U.S.C.S. § 1983, award compensatory damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Plaintiff Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation's misconduct alleged in this civil rights complaint;

B.   Pursuant to 42 U.S.C.S. § 1985, award compensatory damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Plaintiff Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation's misconduct alleged in this civil rights complaint;

C.   Pursuant to 42 U.S.C.S. § 1983, award punitive damages to Plaintiff Arogant Hollywood in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendant from future unconstitutional behavior;

D.   Pursuant to 42 U.S.C.S. § 1985, award punitive damages to Plaintiff Arogant Hollywood in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation. for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendant from future unconstitutional behavior;

E.   Statutory disbursements, costs, expert fees, and attorney's fees authorized under 42 U.S.C.S. § 1988(b)-(c), and such further and other relief as the court deems just and proper;

F.  Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for the tort of false imprisonment, as alleged against Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation;

G.  Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for the tort of negligence, as alleged against Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation;

H.  Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for the tort of negligent supervision and/or retention, as alleged against Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation;

I.  Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for the tort of gross negligence, as alleged against Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation;

J.  Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for the tort of civil conspiracy, as alleged against Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation;

K.  Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for the tort of intentional infliction of emotional distress, as alleged against Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation;

L.  Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of negligent intentional infliction of emotional distress, as alleged against Defendant Starbucks Corporation;

M.  Plaintiff Arogant Hollywood seeks an order providing injunctive relief permanently enjoining Defendant Starbucks Corporation from engaging in the unequal treatment of African-American/black patrons by treating them differently than white patrons in violation California Civil Code §§§ 51, 51.5, 51.6 & 52.1;

N.  Plaintiff Alison Helen Fairchild seeks an order pursuant an order providing injunctive relief Permanently enjoining Defendant Starbucks Corporation from engaging in the unequal

treatment of disabled/handicapped persons by treating them differently than non-disabled/ handicapped patrons in violation of California Civil Code §§§§§ 51, 51.5, 54, 54.1 & 54.3.

O.    Pursuant to California Civil Code § 52. Award Plaintiff Arogant Hollywood actual damages for each and every offense, that may be determined by a trial jury, or a court without a jury, up to a maximum of three times the amount of actual damage but in no case less than ($ 4,000);

P.    Pursuant to California Civil Code § 52. Award Plaintiff Arogant Hollywood statutory damages for each and every offense, that may be determined by a trial jury, or a court without a jury, up to a maximum of three times the amount of actual damage but in no case less than ($ 4,000);

Q.    Pursuant to California Civil Code § 52. Award Plaintiff Arogant Hollywood actual damages for each and every day since June 23, 2015 that Plaintiff Hollywood has been deterred from returning to 3429 East Foothill Blvd., Pasadena, California, that may be determined by a trial jury, or a court without a jury, up to a maximum of three times the amount of actual damage but in no case less than ($ 4,000);

R.    Pursuant to California Civil Code § 52. Award Plaintiff Arogant Hollywood statutory damages for each and every day since June 23, 2015 that Plaintiff Hollywood has been deterred from returning to 3429 East Foothill Blvd., Pasadena, California, that may be determined by a trial jury, or a court without a jury, up to a maximum of three times the amount of actual damage but in no case less than ($ 4,000);

S.    Pursuant to California Civil Code § 52 and *Munson v. Del Taco Inc., (2009) 48 Cal 4th 661, 667.* Award Plaintiff Alison Helen Fairchild actual damages for each and every offense, that may be determined by a trial jury, or a court without a jury, up to a maximum of three times the amount of actual damages but in no case less than ($ 4,000);

T.    Pursuant to California Civil Code § 52 and *Munson v. Del Taco Inc., (2009) 48 Cal 4th 661, 667).* Award Plaintiff Alison Helen Fairchild statutory damages for each and every offense, that may be determined by a trial jury, or a court without a jury, up to a maximum of three

1   times the amount of actual damage but in no case less than ($ 4,000);

2   U.   Pursuant to California Civil Code § 52 and *Munson v. Del Taco Inc., (2009) 48 Cal 4th 661,*

3   *667.* Award Plaintiff Alison Helen Fairchild actual damages for each and every day since June

4   23, 2015 that Plaintiff Fairchild has been deterred from returning to 3429 East Foothill Blvd.,

5   Pasadena, California, that may be determined by a trial jury, or a court without a jury, up to a

6   maximum of three times the amount of actual damage but in no case less than ($ 4,000);

7   V.   Pursuant to California Civil Code § 52 and *Munson v. Del Taco Inc., (2009) 48 Cal 4th 661,*

8   *667.* Award Plaintiff Alison Helen Fairchild statutory damages for each and every day since

9   June 23, 2015 that Plaintiff Fairchild has been deterred from returning to 3429 East Foothill

10   Blvd., Pasadena, California, that may be determined by a trial jury, or a court without a jury,

11   up to a maximum of three times the amount of actual damage but in no case less than ($

12   4,000);

13   W.   Pursuant to California Civil Code § 54 *et seq.* (CDPA), & § 54.3. Award Plaintiff Alison

14   Helen Fairchild actual damages for each and every offense, that may be determined by a trial

15   jury, or a court without a jury, up to a maximum of three times the amount of statutory damage

16   but in no case less than ($ 4,000);

17   X.   Pursuant to California Civil Code § 54 *et seq.* (CDPA) and § 54.3. Award Plaintiff Alison jury,

18   Helen Fairchild statutory damages for each and every offense, that may be determined by a

19   trial or a court without a jury, up to a maximum of three times the amount of actual damage

20   but in no case less than ($ 4,000);

21   Y.   Pursuant to California Civil Code § 54 *et seq.* (CDPA) and § 54.3 Award Plaintiff Alison has

22   Helen Fairchild actual damages for each and every day since   June 23, 2015 that Plaintiff

23   Fairchild has been deterred from returning to 3429 East Foothill Blvd., Pasadena, California,

24   that may be determined by a trial jury, or a court without a jury, up to a maximum of three

25   times the amount of actual damage but in no case less than ($ 4,000);

26   Z.   Award Plaintiff Arogant Hollywood general damages for pain and suffering, mental and

27   emotional trauma and anguish, as alleged herein according to proof;

28   **Verified Complaint for Damages for False Imprisonment, Negligence, Negligent Supervision and/or Retention, Gross Negligence, Civil Conspiracy, IIED, Negligent Intentional Infliction of Emotional Distress, Violations of 42 U.S.C.S. §§§§ 1981, 1983, 1985, & 12101**

AA.   Award Plaintiff Alison Helen Fairchild general damages for pain and suffering, mental and emotional trauma and anguish, as alleged herein according to proof;

BB.   Pursuant to 42 U.S.C. § 1981, award compensatory damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Plaintiff Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation's misconduct alleged in this civil rights complaint;

CC.   Pursuant to 42 U.S.C. § 18116, award compensatory damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Plaintiff Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation's misconduct alleged in this civil rights complaint;

DD.   Pursuant to 42 U.S.C. § 18116, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation's misconduct alleged in this civil rights complaint;

EE.   Pursuant to 42 U.S.C. § 18116, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation from future discrimination behavior;

FF.   Pursuant to 42 U.S.C. § 18116, award punitive damages to Plaintiff Arogant Hollywood in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights

complant, and that would effectively deter Defendants Anne Sloane, Taylor Oberlander and Starbucks Corporation from future discrimination behavior;

GG.   Award Plaintiff Arogant Hollywood compensatory and punitive damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by the law in an amount of $ 10,000,000, or such greater amount as may be set by a jury;

HH.   Award Plaintiff Alison Helen Fairchild compensatory and punitive damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by the law in an amount of $ 4,000,000, or such greater amount as may be set by a jury;

II.   Pursuant to U.S.C.S. § 12101 *et seq.* & U.S.C.S. § 12101(a)(5) award Plaintiff Alison Helen Fairchild injunctive relief for Defendant Starbucks Corporation's discrimination against Plaintiff Fairchild on the basis of her disability;

JJ.   Pursuant to U.S.C.S. § 12181 *et seq.* & 12182(b)(2)(A)(iv) award Plaintiff Alison Helen Fairchild injunctive relief for Defendant Starbucks Corporation's discrimination against Plaintiff Fairchild on the basis of her disability;

KK.   Economic losses on all claims allowed by law;

LL.   Special damages;

MM.   Award Plaintiff Alison Helen Fairchild prejudgment and post-judgement interest;

NN.   Award Plaintiff Arogant Hollywood prejudgment and post-judgment interest;

OO.   Order all other and further relief as the Court may deem equitable, just and proper;

**DEMAND FOR TRIAL BY JURY**

Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands a trial by jury for all issues triable by jury.

**Respectfully Submitted,**

DATED: July 5, 2017

Arogant Hollywood

Alison Helen Fairchild

Verified Complaint for Damages for False Imprisonment, Negligence, Negligent Supervision and/or Retention, Gross Negligence, Civil Conspiracy, IIED, Negligent Intentional Infliction of Emotional Distress, Violations of 42 U.S.C.S. §§§§ 1981, 1983, 1985, & 12101

**VERIFICATION OF PLAINTIFF AROGANT HOLLYWOOD**

State of California

City of Los Angeles, California, Within the County of Los Angeles

I, **AROGANT HOLLYWOOD**, being duly sworn, say:

I, AROGANT HOLLYWOOD, am the lead plaintiff in the above-entitled action and proceeding. I have read the foregoing **VERIFIED COMPLAINT FOR DAMAGES FOR FALSE IMPRISONMENT; GROSS NEGLIGENCE; NEGLIGENCE SUPERVISION AND/OR RETENTION; CIVIL CONSPIRACY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OF AROGANT HOLLYWOOD; NEGLIGENT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OF ALISON HELEN FAIRCHILD; VIOLATIONS OF U.S.C.S. §§§§§ 1981, 1983, 1985, & 12101** and know the contents thereof. The facts stated therein are true and within my personal knowledge, [except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true], and if called upon to testify I would competently testify as to the matters stated herein.

**I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

**DATED:** July 5, 2017

Arogant Hollywood

**Arogant Hollywood, Plaintiff in Lawsuit**

**VERIFICATION OF PLAINTIFF ALISON HELEN FAIRCHILD**

State of California

City of Los Angeles, California, Within the County of Los Angeles

I, **ALISON HELEN FAIRCHILD**, being duly sworn, say:

I, ALISON HELEN FAIRCHILD, am a plaintiff in the above-entitled action and proceeding. I have read the foregoing **VERIFIED COMPLAINT FOR DAMAGES FOR FALSE IMPRISONMENT; GROSS NEGLIGENCE; NEGLIGENCE SUPERVISION AND/OR RETENTION; CIVIL CONSPIRACY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OF AROGANT HOLLYWOOD; NEGLIGENT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OF ALISON HELEN FAIRCHILD; VIOLATIONS OF U.S.C.S. §§§§ 1981, 1983, 1985 & 12101 and** know the contents thereof. The facts stated therein are true and within my personal knowledge, [except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true], and if called upon to testify I would competently testify as to the matters stated herein.

**I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

**DATED:**

*Alison Helen Fairchild*

**Alison Helen Fairchild, Plaintiff in Lawsuit**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [X] )

AROGANT HOLLYWOOD,
ALISON HELEN FAIRCHILD,

**DEFENDANTS** ( Check box if you are representing yourself [ ] )

Starbucks Corporation, a Washington State Corporation, Anne Sloane, Taylor Oberlander, DOES 1-10

**(b)** County of Residence of First Listed Plaintiff   LOS ANGELES
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   LOS ANGELES
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Arogant Hollywood/Alison Helen Fairchild
1308 East Colorado Blvd., Pasadena, CA 91106
(213) 447-8922

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [X] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multidistrict Litigation - Transfer
- [ ] 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [ ] No     **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C.S. §§§§ 1981, 1983, 1985 & 12101

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 376 Qui Tam (31 USC 3729(a)) | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 400 State Reapportionment | [ ] 130 Miller Act | [ ] 290 All Other Real Property | | [ ] 510 Motions to Vacate Sentence | [ ] 840 Trademark |
| [ ] 410 Antitrust | [ ] 140 Negotiable Instrument | **TORTS** | **TORTS** | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 430 Banks and Banking | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 450 Commerce/ICC Rates/Etc. | | [ ] 310 Airplane | [ ] 370 Other Fraud | **Other:** | [ ] 862 Black Lung (923) |
| [ ] 460 Deportation | [ ] 151 Medicare Act | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | [ ] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [ ] 480 Consumer Credit | | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [ ] 490 Cable/Sat TV | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 340 Marine | **BANKRUPTCY** | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 850 Securities/Commodities/Exchange | [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 890 Other Statutory Actions | [ ] 190 Other Contract | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 891 Agricultural Acts | [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | [ ] 690 Other | |
| [ ] 893 Environmental Matters | [ ] 196 Franchise | [ ] 360 Other Personal Injury | [X] 440 Other Civil Rights | **LABOR** | |
| [ ] 895 Freedom of Info. Act | **REAL PROPERTY** | [ ] 362 Personal Injury-Med Malpractice | [ ] 441 Voting | [ ] 710 Fair Labor Standards Act | |
| [ ] 896 Arbitration | [ ] 210 Land Condemnation | [ ] 365 Personal Injury-Product Liability | [ ] 442 Employment | [ ] 720 Labor/Mgmt. Relations | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | [ ] 220 Foreclosure | [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability | [ ] 443 Housing/Accommodations | [ ] 740 Railway Labor Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 230 Rent Lease & Ejectment | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 751 Family and Medical Leave Act | |
| | | | [ ] 446 American with Disabilities-Other | [ ] 790 Other Labor Litigation | |
| | | | [ ] 448 Education | [ ] 791 Employee Ret. Inc. Security Act | |

CV17-05005

**FOR OFFICE USE ONLY:**   Case Number:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br><br>☐ Yes  ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br><br>☐ Yes  ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |
| If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the<br>EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**:  Has this action been previously filed **in this court?**                    ☒ NO          ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**:  Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**          ☒ NO          ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐   A.  Arise from the same or a closely related transaction, happening, or event;

☐   B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐   C.  For other reasons would entail substantial duplication of labor if heard by different judges.

Note:  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐   A.  Arise from the same or a closely related transaction, happening, or event;

☐   B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐   C.  Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X.  SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT)**: *Dragana Hollywood Gurbelan Widland*      DATE: 7-5-2017

**Notice to Counsel/Parties:**  The submission of this Civil Cover Sheet is required by Local Rule 3-1.  This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |